**DENNY'S INC., et al., Appellants,**

v.

**RAINBO BAKING COMPANY, Appellee.**

No. 01–88–01187–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 16, 1989.

Katherine S. Youngblood, Bill R. Bludworth, Houston, for Denny's Inc.

David G. Matthiesen, Houston, for Rainbo Baking Co.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

PER CURIAM.

Appellants ask this Court for an extension of time to perfect their appeal. We grant the motion.

The trial court granted summary judgment on October 25, 1988 for appellee, Rainbo Baking Company, a third-party defendant. The third-party action was severed on November 10, 1988. Appellants filed their notice of appeal, cost bond, and motion to extend on December 21, 1988.

Appellee opposes the extension on the ground that appellants did not timely perfect their appeal. It claims the granting of summary judgment was the final judgment and thus, the appellate timetable should be calculated from the date the summary judgment was signed.

An appeal can only be prosecuted from a final judgment. *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966). A final judgment is one disposing of all the issues and parties to a suit. *Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex.1984). Until the trial court severs out a party or an issue, a summary judgment that does not dispose of all issues and parties is purely interlocutory and not yet appealable. *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985); *Schlipf v. Exxon Corp.*, 644 S.W.2d 453 (Tex.1982); *Pan American Petroleum Corp. v. Texas Pac. Coal & Oil Co.*, 159 Tex. 550, 324 S.W.2d 200 (1959). The summary judgment in this case was not final until the third-party action was severed on November 10, 1988.

An appellant has 30 days from the date of signing a final judgment to perfect the appeal. Tex.R.App.P. 41(a)(1). Here, the time to perfect an appeal expired December 10, 1988. An extension of time to perfect appeal may be granted by the Court, provided the cost bond and motion to extend are filed not later than 15 days after the last day allowed to perfect. Tex.

R.App.P. 41(a)(2). The appellants filed their cost bond and motion to extend within this 15 day grace period. Thus, appellants timely perfected their appeal.

The motion for extension of time to perfect appeal is granted. No further extensions will be entertained.