Chloe J. CHANDLER, Appellant,

v.

HYUNDAI MOTOR COMPANY, Appellee.

No. 01–91–00498–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 8, 1991.

Robert L. Collins, Houston, for appellant.

Spencer G. Markle, Stephen R. Kirklin, Tim S. Leonard, Jack J. Garland, Jr., Houston, for appellee.

Before TREVATHAN, C.J., and DUGGAN and DUNN, JJ.

## OPINION

PER CURIAM.

This is an appeal from the trial court's order approving the recommendations of a special master concerning discovery disputes. By order dated April 12, 1991, the trial court denied appellant's request for a hearing to overrule the protective order signed by the special master; overruled appellant's objections to the scope of the protective order; and granted in all respects appellee's motion for protective order.

In response to appellant's motion for extension of time to file her brief, appellee asks this Court to dismiss the appeal for want of jurisdiction because 1) it is an improper appeal from an interlocutory order; 2) appellant has failed to timely file a brief; 3) appellant failed to provide notice to appellee of the appeal; and 4) appellant failed to provide a complete transcript to this Court. Because appellee's motion raises a question concerning our jurisdiction, we address that issue first.

 Excluding four statutory exceptions [1] not applicable here, an appeal can be prosecuted only from a final judgment or order. *North East Independent School Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966); *Denny's Inc. v. Rainbo Baking Co.,* 764 S.W.2d 933 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Prodeco Exploration, Inc. v. Ware,* 684 S.W.2d 199, 201 (Tex.App.—Houston [1st Dist.] 1984, no writ). Until the trial court severs out a party or an issue, a judgment that does not dispose of all issues and parties is purely interlocutory and not yet appealable. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985).

In her motion for extension of time to file her brief, appellant asserts she is bringing the appeal pursuant to Tex.R.Civ.P. 76a. Rule 76a pertains to the sealing of *court records;* it does not address protection from disclosure or dissemination of documents during discovery. In pursuing her appeal at this stage of the litigation, appellant attempts to equate an interlocutory order sealing court records, which is appealable, Tex.R.Civ.P. 76a(8), with an interlocutory order pertaining to discovery, which is not appealable. Appellant's proper remedy in this case is to file an application for writ of mandamus complaining that the trial court abused its discretion in approving the protective order.

The order appealed from is interlocutory and we are without jurisdiction to consider it. Accordingly, the appeal is **dismissed** for want of jurisdiction. Our order of July 18, 1991, granting appellant's motion for extension of time to file her brief, is withdrawn as improvidently granted.

---

1. *See* in Tex.Civ.Prac. & Rem.Code Ann. § 51.014    (Vernon Supp.1991).