**BILL DE LA GARZA & ASSOCIATES, P.C., Appellant,**

v.

**DEAN & ONGERT, Kathy D. Dean, and Stephen W. Ongert, Appellees.**

No. 01–92–00604–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 18, 1993.

Kenneth C. Kaye, League City, for appellant.

Wayne H. Parris, Houston, for appellees.

Before O'CONNOR, DUGGAN and HEDGES, JJ.

## OPINION

O'CONNOR, Justice.

This Court is asked to decide if the summary judgment rendered by the district court was a final and appealable judgment. We hold it was not, and we dismiss for want of jurisdiction.

Stephen W. Ongert, one of the defendants below, was once employed as a law-

yer with Bill De La Garza & Associates, P.C., the plaintiff. While working in De La Garza's office, Ongert answered a telephone call from Susan Pew, who wanted to know how to work with her insurance company to recover after her stepson's death. Ongert referred her to Kathy D. Dean, the other appellee and a defendant below, a lawyer with her own office. Pew and her husband hired Dean to handle the claim for her stepson's death.

Early one morning, Mrs. Pew called De La Garza's number and reached De La Garza. She had some questions about how Dean was handling the death case. In discussing the case with her, De La Garza discovered that Ongert had referred the case to Dean. De La Garza fired Ongert and filed suit against Ongert, Dean, and the professional corporation Dean and Ongert had formed. Later, De La Garza discovered that Ongert had formed a professional corporation with Dean while still working for him and drawing a salary.

The defendants did not challenge the plaintiff's pleadings by special exceptions. Read in the most favorable light, the plaintiff's original petition states the following causes of action: (1) against Ongert for breach of contract and breach of duty of good faith and fair dealing; (2) against Dean & Ongert, P.C., for failure to pay a referral fee; (3) against Dean and Ongert for conspiracy to effectuate a breach of contract; and (4) against Ongert, Dean, and Dean & Ongert, P.C., for some sort of action involving actions taken with malicious intent.

The defendants filed a motion for summary judgment requesting judgment on De La Garza's causes for breach of duty of good faith and fair dealing and failure to pay a referral fee. The prayer to the motion asked the court for "a summary judgment, or alternatively a partial summary judgment on all causes of action set forth in" plaintiff's petition.

The trial court signed two summary judgments. The first summary judgment, is set out in full:

### Partial Summary Judgment

After due consideration of Defendants' Motion for Summary Judgment, the Court grants same and ORDERS that Plaintiff take nothing from Defendants, costs to be taxed against Plaintiff.

Forty days later, the trial court signed the second summary judgment, which is set out in full:

### Amended Partial Summary Judgment

On April 3, 1992, after due consideration of Defendants' Dean & Ongert, Kathy D. Dean, and Stephen W. Ongert's Motion for Summary Judgment or Alternatively Motion for Partial Summary Judgment, the Court grants the Defendant's Alternative Motion for Summary Judgment on the allegations Plaintiff bases on a duty of good faith and fair dealing in an employment at will situation.

None of the parties filed a motion for new trial or any other motion requesting entry of a different judgment. Thus, unless the first summary judgment was a partial judgment, it became final 30 days after it was signed. If the first summary judgment was a partial summary judgment, the trial court had jurisdiction to sign the second summary judgment.

 Under Texas procedure, appeals may be had only from final orders or judgments. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992); *Denny's Inc. v. Rainbo Baking Co.*, 764 S.W.2d 933, 933 (Tex.App.—Houston [1st Dist.] 1989, no writ). A final judgment is one that disposes of all the issues and parties to a suit. *Tipps*, 842, S.W.2d at 272; *Denny's*, 764 S.W.2d at 933; *see Hood v. Amarillo Nat'l Bank*, 815 S.W.2d 545, 547 (Tex.1991) (a summary judgment reserving the question of attorney fees did not dispose of all issues and was not final). Until the trial court severs a party or an issue, a summary judgment that does not dispose of all issues and parties is purely interlocutory and not yet appealable. *Hood*, 815 S.W.2d at 547.

 The defendants' motion for summary judgment asked for judgment on only

two of the plaintiff's causes of action, breach of duty of good faith and fair dealing and failure to pay a referral fee. Thus, the first summary judgment was not a final judgment. *Hood*, 815 S.W.2d at 547.

The defendants argue before this Court that the first summary judgment was final, and we should affirm it because the plaintiff cannot prevail on his conspiracy to effectuate breach of contract claim.[1] The defendants did not assert that ground in their motion for summary judgment. An appellate court cannot affirm a summary judgment on a ground not specifically presented in the motion for summary judgment. *Travis v. City of Mesquite*, 830 S.W.2d 94, 100 (Tex.1992).

The defendants also contend the general prayer for relief in their motion was sufficient to justify a summary judgment on all of the plaintiff's causes of action. We disagree. Rule 166a(c) states a "motion for summary judgment shall state the specific grounds therefor." TEX. R.CIV.P. 166a(c). On appeal, the only grounds we consider in support of the summary judgment are those urged in the motion. *Travis*, 830 S.W.2d at 100; *Texas Dep't of Corrections v. Sisters of St. Francis of St. Jude Hosp.*, 753 S.W.2d 523, 525 (Tex.App.—Houston [1st Dist.] 1988, no writ).

The last issue is whether the second summary judgment was a final summary judgment. The second summary judgment states that it is granted only on the breach of the duty of good faith and fair dealing. We hold that the second summary judgment is, on its face, a partial summary judgment. *Mower v. Boyer*, 811 S.W.2d 560, 562 (Tex.1991). A partial summary judgment is interlocutory, is not final, and may not be appealed. *Id.*

We dismiss the appeal for want of jurisdiction.

---

**1.** Before the court may grant a "no cause of action" summary judgment, it must give the parties adequate opportunity to plead a viable cause of action. *Pietila v. Crites*, 851 S.W.2d 185 (1993).