Panagiotis **TOUBANIARIS**, Appellant,

v.

**AMERICAN BUREAU OF SHIPPING and American Bureau of Shipping— Singapore, Appellees.**

**No. 01–95–00697–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 7, 1995.

---

Anastassios Triantaphyllis, Houston, for appellant.

Dana K. Martin, Robert G. Moll, Houston, for appellees.

Before O'CONNOR, HUTSON–DUNN and ANDELL, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from a take-nothing summary judgment rendered in favor of the defendants, American Bureau of Shipping and American Bureau of Shipping—Singapore (ABS). In four points of error, the plaintiff, Panagiotis Toubaniaris, asserts that the trial court erred in rendering summary judgment because: (1) the court applied the incorrect statute of limitations; (2) the court did not apply the discovery rule; and (3) the court rendered a summary judgment against Toubaniaris even though ABS did not request such relief in a motion. We reverse and remand.

### Summary of Facts

Toubaniaris, a Greek citizen, was injured in a ship explosion in Genoa, Italy, on April 11, 1991. Toubaniaris filed suit against ABS on August 31, 1993, for negligence in inspecting the ship. ABS filed a "motion to dismiss for forum non conveniens and motion for partial summary judgment." The trial court rendered summary judgment against Toubaniaris on the basis of limitations.

### Adequacy of ABS' Motion

As noted, ABS filed a motion that was captioned as "a motion to dismiss for forum non conveniens and motion for partial summary judgment." ABS conceded in their motion that the Supreme Court of Texas had held that, under the law in effect when this lawsuit was filed, an action for personal injury caused by an act or omission out of state was not subject to dismissal on forum non conveniens grounds. *See Dow Chemical Co. v. Castro Alfaro*, 786 S.W.2d 674, 679 (Tex. 1990); TEX.CIV.PRAC. & REM.CODE ANN.

§ 71.031 (1986).[1] However, ABS noted that section 71.031 on its face only applies when the claim is begun in Texas within the time provided by Texas laws for beginning the action. TEX.CIV.PRAC. & REM.CODE ANN. § 71.031(a)(2). ABS contended that Toubaniaris' claim was barred by limitations under Texas law, and this case was therefore subject to forum non conveniens dismissal. ABS asserted that the statute of limitations on Toubaniaris' claim for personal injuries was two years, accruing on the date of the incident allegedly resulting in the injury. TEX. CIV.PRAC. & REM.CODE ANN. § 16.003(a) (1986).

ABS asserted several additional reasons that Toubaniaris' claim should be dismissed on forum non conveniens grounds, including the lack of Texas connections to the act giving rise to the lawsuit and the difficulty of obtaining witnesses and evidence if the trial were to be held in Texas. ABS agreed to waive their limitations claim if the court were to grant their motion to dismiss on forum non conveniens grounds.

ABS requested the following relief in their motion: (1) that Toubaniaris' action be dismissed on forum non conveniens grounds with prejudice to refiling except in the appropriate forum and (2) such other relief, both at law and in equity, to which ABS could show itself to be justly entitled. Apart from the caption at the top of the motion labeling it as a motion for partial summary judgment, ABS did not request in their motion that summary judgment be rendered on Toubaniaris' claim.

In support of their motion, ABS submitted evidence to prove the date that Toubaniaris was injured, the date that he filed suit, and that maintenance of this case in Texas would be impractical.

■ In point of error four, Toubaniaris contends the trial court erred in rendering summary judgment against him because ABS did not request summary judgment in their motion. We judge the character of a motion by its substance rather than its form or caption. *State Bar v. Heard*, 603 S.W.2d 829, 833 (Tex.1980); *Law v. Law*, 792 S.W.2d 150, 152 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *see* TEX.R.CIV.P. 71. To determine the character of the motion, we look to the substance of the plea for relief, not merely at the title. *Moore v. Collins*, 897 S.W.2d 496, 499 (Tex.App.—Houston [1st Dist.] 1995, no writ); *see, e.g., Speer v. Stover*, 685 S.W.2d 22, 23 (Tex.1985) (plea in abatement was actually plea to the jurisdiction); *State Bar*, 603 S.W.2d at 833 (motion for summary judgment was actually motion invoking special suspension statute).

■ Although ABS' motion was captioned as a motion for partial summary judgment, the motion did not request rendition of summary judgment. Rather, the motion only requested that Toubaniaris' lawsuit be dismissed on forum non conveniens grounds based upon limitations.[2] Therefore, we conclude the trial court erred in rendering summary judgment for ABS based on limitations. A trial court that renders judgment based upon a motion errs in granting more relief than the motion requests. *See Mafrige v. Ross*, 866 S.W.2d 590, 592 (Tex.1993) (summary judgment that grants more relief than requested should be reversed and remanded

---

1. After *Alfaro*, the Texas legislature added a provision in the Civil Practice and Remedies Code to provide that a Texas court, on written motion of a party, may decline to exercise jurisdiction on forum non conveniens grounds over a case filed by a claimant who is not a legal resident of the United States. TEX.CIV.PRAC. & REM.CODE ANN. § 71.051(a) (Supp.1995). The statute gives the court discretion to stay or dismiss the action if it finds that in the interest of justice the action would be more properly heard in a forum outside the state. *Id.* Section 71.051 does not apply to this case because this case was filed on August 31, 1993, one day before the statute went into effect. *See* Act of Feb. 23, 1993, 73d Leg., R.S., ch. 4, § 2, 1993 Tex.Gen.Laws 10, 12.

2. We do not consider ABS' prayer for general relief dispositive. A prayer for general relief in a motion for summary judgment cannot supply a ground not expressly stated in the motion that would have supported summary judgment had it been stated. *See Bill De La Garza & Assoc. v. Dean & Ongert*, 851 S.W.2d 371, 373 (Tex.App.—Houston [1st Dist.] 1993, no writ). Likewise, we conclude that a prayer for general relief cannot transform a motion to dismiss on forum non conveniens grounds into a motion for summary judgment.

**24**

if summary judgment also contains a Mother Hubbard clause).

■ ABS contends that Toubaniaris waived any complaint regarding the ambiguities in ABS' motion by failing to specially except to the motion while it was pending before the trial court. *See McConnell v. Southside ISD*, 858 S.W.2d 337, 342–43 (Tex. 1993). We hold the language in *McConnell* inapplicable to this case because *McConnell* only addressed the issue whether a nonmovant should specially except to a motion for summary judgment when *the grounds* in the motion are unclear or ambiguous.[3] This case involves a motion that is itself ambiguous whether it is a motion for summary judgment or a motion for forum non conveniens.

We sustain point of error four.

We do not address Toubaniaris' remaining points of error because we do not consider them dispositive.

We reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.

---

**3.** In addition, the part of the *McConnell* opinion that suggested that parties file special exceptions as part of the summary judgment practice represents only the opinion of four justices on the Supreme Court. Although this Court has cited *McConnell* as authority on this point, until a majority of the Supreme Court justices adopts that part of the opinion, it is merely dicta. The only justices who joined in that part of the opinion were Justices Hightower (the author), Doggett, Gammage, and Spector. The justices that dissented were Chief Justice Phillips and Justices Hecht, Enoch, Cornyn, and Gonzalez.