**IN THE COURT OF APPEALS OF TENNESSEE**

**EASTERN SECTION AT KNOXVILLE**


| | | |
|---|---|---|
| LORI LEE GRISSOM (BROWN), | ) | KNOX CIRCUIT |
| | ) | |
| Plaintiff/Appellee | ) | NO. 03A01-9607-CV-00219 |
| | ) | |
| v. | ) | HON. BILL SWANN |
| | ) | JUDGE |
| JEFFREY DONALD GRISSOM, | ) | |
| | ) | VACATED and |
| Defendant/Appellant | ) | REMANDED |


**J U D G M E N T**


This appeal came on to be heard upon the record from the Circuit Court of Knox County and briefs filed on behalf of the respective parties. Upon consideration thereof, this Court is of the opinion that there is reversible error in the trial court's judgment.

It is, therefore, ORDERED and ADJUDGED by this Court that the judgment of the trial court is vacated and the case is remanded to the Circuit Court of Knox County for trial. Costs are assessed to the appellee.


PER CURIAM

| | | |
|---|---|---|
| LORI LEE GRISSOM (BROWN), | ) | KNOX CIRCUIT |
| | ) | |
| Plaintiff/Appellee | ) | NO. 03A01-9607-CV-00219 |
| | ) | |
| v. | ) | HON. BILL SWANN |
| | ) | JUDGE |
| JEFFREY DONALD GRISSOM, | ) | |
| | ) | VACATED and |
| Defendant/Appellant | ) | REMANDED |

Jack W. Piper, Jr., Knoxville, for Appellant.

Robert L. Crossley, Knoxville, for Appellee.

**O P I N I O N**

_____                INMAN, Senior Judge

A Marital Dissolution Agreement was incorporated in a divorce judgment entered August 8, 1994.

As pertinent here, the Marital Dissolution Agreement provided:

6.  Husband shall pay the wife as alimony _in solido_ the sum of $221.000.00, which alimony _in solido_ shall be payable $425.00 per week for ten (10) years or 520 consecutive weeks, on Friday of each week, beginning the first Friday after the final judgment of divorce is entered, provided, however, the alimony _in solido_ monthly payments shall terminate upon the wife's death.

The wife's remarriage on May 26, 1995 triggered this action to modify the judgment by terminating the alimony requirement.  The trial court considered the issue at length and made a determination that ordinarily an award of alimony _in solido_ is beyond the reach of the court after the judgment becomes final, but in this case, the award was _in futuro_ since the judgment provided for its termination by the death of the recipient and hence subject to modification.

An issue of law is presented and no presumption of correctness of the trial court's judgment attaches. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

T. C. A. § 36-5-101(a)(2)(B)[1] provides:

> In all cases where a person is receiving alimony *in futuro* or alimony the amount of which is not calculable on the date the decree was entered, and that person remarries, the alimony *in futuro* or alimony the amount of which is not calculable on the date the decree was entered, will terminate automatically and unconditionally upon the remarriage of the recipient. The recipient shall notify the obligor of the remarriage timely upon remarriage. Failure of the recipient to timely give notice of the remarriage will allow the obligor to recover all amounts paid as alimony *in futuro* or alimony the amount of which is not calculable on the date the decree was entered, to the recipient after the recipient's marriage.

The appellant argues that an award of alimony *in solido* is not modifiable after the judgment becomes final. We readily agree. *See Spalding v. Spalding,* 597 S.W.2d 739 (Tenn. Ct. App. 1980); *Isbell v. Isbell,* 816 S.W.2d 735 (Tenn. 1991).

The appellee argues that the award is *in futuro* because of the termination provision [death of the wife] , since the amount "is not calculable on the date the decree was entered," and therefore the judgment is modifiable, as found by the trial court. T.C.A. § 36-5-101(a)(2)(B) is apparently reflexive to *Butcher v. Webb,* 869 S.W.2d 356 (Tenn. 1994), holding that alimony once paid is not recoverable under the prevailing statutory scheme.

We think that had the trial court initially decreed the subject provision it would clearly fall within the purview of the statute because the amount is not calculable on the date the decree was entered; but inquiry cannot stop at this point. It is well settled in Tennessee that parties in domestic relations disputes may settle property rights between themselves consistent with legal and equitable requirements.

Marital Dissolution Agreements are expressly provided for, T.C.A. § 36-4-103, and it is a public policy of this state that their use is to be encouraged. To that end the courts have consistently held that a property contract is not subject to modification after it has been approved by the court. In *Penland v. Penland,* 521 S.W.2d 227 (Tenn. 1975), the principle was reaffirmed that a Marital Dissolution Agreement provision lost its contractual nature if it was by law subject to

---

[1]This statute had been in effect about three months before the case at bar was heard.

modification. Otherwise, it remained a binding contract. Typically, agreements as to child and spousal support constitute, as a practical matter, those subject to modification; alimony *in solido* is generally never modifiable because it is a part of the property division scheme. *See Vanatta v. Vanatta,* 701 S.W.2d 824 (Tenn. Ct. App. 1985).

But superimposed upon these principles is one that is essentially transcendent: to ascertain the intent of the parties as expressed in the agreement, as distinguished from a decretal finding. In many instances such intent will be derived from the language employed, because parties to a contract will not be allowed to stultify themselves, absent a compelling circumstance; but if the provision is ambiguous, extrinsic evidence may properly be adduced to resolve the element of intent. *See Bob Pearsall Motors v. Regal Chrysler-Plymouth, Inc.,* 521 S.W.2d 578 (Tenn. 1975); *Taylor v. White Stores, Inc.,* 707 S.W.2d 514 (Tenn. Ct. App. 1985).

The appellant forcefully argues that these parties negotiated the Marital Dissolution Agreement with the assistance of knowledgeable counsel who advised them with respect to the impact of the language employed, and stresses the singular reference to "alimony *in solido*" as contrasted to alimony *in futuro* or to rehabilitative alimony. Inapposite to this argument is the stark presence of the statute which *prima facie* 'converts' the alimony *in solido* to an award of alimony *in futuro.*

We cannot sacrifice substance to form, *Self v. Self,* 861 S.W.2d 360 (Tenn. 1993), and conclude that an evidentiary hearing is required in order to determine the intention of these parties, and to arrive at the justice of the case. Accordingly, the judgment is vacated and the case is remanded for trial. Costs are assessed to the appellee.

_____
William H. Inman, Senior Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Herschel P. Franks, Judge