In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-168 CV


____________________



ANTHONY BORING, Appellant



V.



THE CITY OF DAYTON AND BILL SJOLANDER, Appellees






On Appeal from the 75th District Court


Liberty County, Texas


Trial Court Cause No. CV 66,076-A






MEMORANDUM OPINION


 Appellant, Anthony Boring, filed suit against the City of Dayton and Bill Sjolander (1)
alleging they conspired to build a high pressure water pipe and sewer line on Highway 146
with public funds to benefit CMC Rail Road Company, Inc., in violation of the Texas
Constitution. Boring sought injunctive relief and disannexation. Appellees filed a no-evidence motion for summary judgment as to Boring's claims of conspiracy and illegality,
and moved to sever those claims from Boring's disannexation claim and the City's counter-claim for recovery of attorney's fees. See Tex. R. Civ. P. 166a(i). Boring filed a motion
for leave of court to file his late response to the motion for summary judgment. Appellees
filed a reply to Boring's response to the motion for summary judgment, in which they
contended Boring's response was filed without leave of court and objected to Boring's
unsworn affidavit as conclusory, hearsay, and speculative. See Tex. R. Civ. P. 166a(f). 
The trial court sustained appellees' objections to Boring's purported affidavit and entered
an order granting summary judgment and severance. Boring then filed this appeal. 

 Boring's first three issues appear to be simply premises for relief requested in other
issues. In his first issue, Boring says "[t]his is a state constitutional issue." Boring does
not provide sufficient argument or appropriate citations to authorities and to the record to
explain why he lists that as a separate issue. See Tex. R. App. P. 38.1(h). In his second
issue, Boring contends this court has jurisdiction "on grounds of unresolved issues." 
Jurisdiction of this Court is not disputed, and this proceeding is properly before the Court. 
In his third issue, Boring argues the City used public funds to aid a private company. He
does not provide record references. See Tex. R. App. P. 38.1(h). It appears this issue is
part of his argument in support of issues four, five and seven. 

 In his fourth and seventh issues, Boring contends "[a]ffidavits will show personal
knowledge of facts and issues" and "a jury should hear the issues of the case." We
interpret Boring's fourth and seventh issues as alleging the trial court erred in granting
summary judgment. 

 The no-evidence summary judgment procedure does not violate the right to a jury
trial. See Springer v. American Zurich Ins. Co., 115 S.W.3d 582, 585 (Tex. App.--Waco
2003, pet. denied). When a proper no-evidence motion for summary judgment is filed,
the trial court must grant summary judgment unless the non-movant presents evidence that
raises a genuine issue of material fact on each element challenged. See Tex. R. Civ. P.
166a(i); In re Mohawk Rubber Co., 982 S.W.2d 494, 498 (Tex. App.--Texarkana 1998,
orig. proceeding). The non-movant must produce more than a scintilla of evidence to raise
a genuine issue of material fact. See Forbes, Inc. v. Granada Biosciences, Inc., 124
S.W.3d 167, 172 (Tex. 2003). More than a scintilla of evidence exists when the evidence
"'rises to a level that would enable reasonable and fair-minded people to differ in their
conclusions.'" Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995)
(quoting Transportation Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex. 1994)). Evidence
constitutes less than a scintilla when it is "so weak as to do no more than create a mere
surmise or suspicion" of a fact. King Ranch v. Chapman, 118 S.W.3d 742, 751 (Tex.
2003), cert. denied, ___ US ___, 124 S.Ct. 2097, 158 L.Ed.2d 711 (2004) (quoting
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983)). 

 To constitute competent summary judgment evidence, an affidavit must
affirmatively show it is based on the affiant's personal knowledge, and it must state facts
in a form that would be admissible at trial. See Huckin v. Connor, 928 S.W.2d 180, 183
(Tex. App.--Houston [14th Dist.] 1996, writ denied); see also Harang v. Aetna Life Ins.
Co., 400 S.W.2d 810, 814 (Tex. Civ. App.--Houston 1966, writ ref'd n.r.e.) (affidavit
based on hearsay is insufficient to warrant overruling motion for summary judgment). 
Pleadings are not summary judgment evidence. See Laidlaw Waste Systems (Dallas), Inc.
v. City of Wilmer, 904 S.W.2d 656, 660-61 (Tex. 1995). Statements in an affidavit are
insufficient if they are merely conclusions or the affiant's opinion. Id. at 661; Hall v.
Rutherford, 911 S.W.2d 422, 424 (Tex. App.--San Antonio 1995, writ denied).

 The trial court sustained appellees' objections to Boring's affidavit. Boring does
not contest on appeal the trial court's order sustaining appellees' objections. Summary
judgment evidence may be filed late only with leave of court, and there is nothing in the
record to indicate the trial court considered it. See Benchmark Bank v. Crowder, 919
S.W.2d 657, 663 (Tex. 1996). Boring attached an additional personal affidavit, dated after
the summary judgment was granted and this appeal was filed, an affidavit from another
individual, and two newspaper articles as exhibits to his appellate brief. However, our
review of the trial court's ruling on the motion for summary judgment is confined to the
record that was before the trial court when the ruling was made. See Graves v. Alders,
132 S.W.3d 12, 19 (Tex. App.--Beaumont 2004, pet. denied). Because the record does
not reflect these exhibits were before the trial court, we cannot consider them. On the
record presented, the trial court did not err in granting summary judgment in favor of
appellees. We overrule issues one, two, three, four and seven. 

 In his fifth issue, Boring contends the Attorney General should have been notified
of his suit, citing Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b). Section 37.006(b)
provides as follows:

 In any proceeding that involves the validity of a municipal ordinance or franchise,
the municipality must be made a party and is entitled to be heard, and if the statute,
ordinance, or franchise is alleged to be unconstitutional, the attorney general of the
state must also be served with a copy of the proceeding and is entitled to be heard.


Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b) (Vernon 1997). Boring alleged that by
their actions appellees violated Article 3, section 52 of the Texas Constitution by aiding
an individual with public funds, but it is not clear he challenged the constitutionality of any
specific "statute, ordinance, or franchise." See Tex. Const. art. III, § 52. Boring's
claims do not necessarily fall within the purview of section 37.006(b). See Tex. Civ.
Prac. & Rem. Code Ann. § 37.006(b) (Vernon 1997). If they were intended to do so,
Boring was responsible for serving his pleadings on the Attorney General. He apparently
mailed the Attorney General a letter notifying the Attorney General of his complaints, but
the record does not show service of his pleadings. His failure to serve the Attorney
General is not sufficient grounds for reversal of the summary judgment against him on this
record. Boring's fifth issue is overruled. 

 Boring's sixth issue contends the caption on the summary judgment should have
read "summary judgment be rendered." In support of his argument, Boring cites
Toubaniaris v. American Bureau of Shipping, 916 S.W.2d 21 (Tex. App.-Houston [1st
Dist.] 1995, pet. denied). In Toubaniaris, the defendant filed a motion to dismiss for
forum non conveniens and motion for partial summary judgment. Id. at 23. In the
motion, defendant requested dismissal on forum non conveniens grounds and "such other
relief, both at law and in equity, to which [defendant] could show itself to be justly
entitled." Id. Aside from the caption, nothing in the motion in Toubaniaris requested
summary judgment. Id. The appellate court held the trial court erred in granting more
relief than the motion requested. Id. In this case, however, the motion requested the relief
the trial court granted. Nothing in Toubaniaris required appellees to include in the caption
of their motion for summary judgment the language suggested by Boring. Boring's sixth
issue is overruled.

 In his eighth and ninth issues, Boring complains the trial court "awarded attorney
fees to be charged at a later date" and the "City did not annex in good faith originally."
The motion for summary judgment and severance requested that Boring's claim for
disannexation and the City's claim for recovery of attorney's fees be severed from the
claims on which summary judgment was requested. The record reflects the trial court
granted the motion for summary judgment and severance. Accordingly, Boring's issues
eight and nine are not properly before this Court in this appeal from the summary
judgment. The judgment of the trial court is affirmed. 

 AFFIRMED. 

 

 DAVID GAULTNEY 

 Justice


Submitted on February 3, 2005

Opinion Delivered March 10, 2005


Before McKeithen, C.J., Gaultney and Kreger, JJ. 













1. Plaintiff's petition alleges Bill Sjolander owns CMC Rail Road Company, Inc.