Opinion issued May 31, 2007 









Opinion issued May 31, 2007










 

 

 

 














 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00638-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



PAT K. SPECK, Appellant

 

V.

 

FIRST EVANGELICAL LUTHERAN CHURCH OF HOUSTON AND DRY
BONES COFFEE HOUSE, INC., Appellees

 

 



On Appeal from County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 844806








 

 



O P I N I O N

 

          Pat
K. Speck appeals two no-evidence summary judgments entered in favor of First Evangelical Lutheran Church (the Church) and Dry Bones Coffee House, Inc. (Dry
Bones).  In one issue, Speck contends the trial court erred in granting
the summary judgments because he produced evidence sufficient to raise a
genuine issue of material fact with regard to his quantum meruit, sworn
account, and breach of contract claims.  We conclude that
the trial court (1) properly granted summary judgment on Speck’s quantum
meruit claims because Speck failed to produce evidence sufficient to raise a
genuine issue of material fact on these claims, and (2) erred in granting
summary judgment on Speck’s sworn account and breach of contract claims
because the Church and Dry Bones did not move for summary judgment on these
claims.  We therefore affirm in part, and reverse and remand in
part.  

Background

          Speck
alleges that he performed repair and remodeling services for the Church and Dry
Bones.  As a member of the Church, Speck charged nothing for his
services—he seeks reimbursement only for his out-of-pocket
expenses.  Speck’s original petition alleges that the Church and Dry
Bones are liable for his expenses under a theory of quantum meruit, or in the
alternative a sworn account.  The Church and Dry Bones filed verified denials.

          On
April 4 and 7, 2006, the Church and Dry Bones moved for summary judgment,
asserting that Speck had produced no evidence sufficient to raise a fact issue
as to his quantum meruit claims.  The trial
court set the summary judgment motions for a hearing on May 2, 2006.  On
April 17, Speck amended his petition and added a claim for breach of
contract.  Speck responded to the Church’s and Dry Bones’
summary judgment motions on April 24.  On April 26, Speck filed additional
affidavits supporting his summary judgment responses.  The Church and Dry
Bones objected to these affidavits, asserting that the affidavits were not
timely because Speck filed them less than seven days before the hearing on the
motions for summary judgment.  On May 2, the trial court granted the
Church’s and Dry Bones’ summary judgments and disposed of all of
Speck’s claims.

No-Evidence Summary Judgment

A.  Standard of
Review

In a Rule 166a(i)
no-evidence summary judgment, the movant represents that no evidence exists as
to one or more essential elements of the non-movant’s claims, upon which
the non-movant would have the burden of proof at trial.  Tex. R. Civ. P. 166a(i).  The non-movant then must
present evidence raising a genuine issue of material fact on the challenged
elements.  Id.  A no-evidence summary judgment is essentially
a pre-trial directed verdict.  Bendigo v. City of Houston, 178
S.W.3d 112, 113–14 (Tex.
App.—Houston [1st Dist.] 2005, no pet.); Jackson v. Fiesta Mart, 979 S.W.2d 68, 70–71 (Tex. App.—Austin
1998, no pet.).  On review, we ascertain whether the non-movant produced
more than a scintilla of probative evidence to raise a genuine issue of
material fact.  Jackson, 979 S.W.2d at 70–71.  More than
a scintilla of evidence exists if the evidence “rises to a level that
would enable reasonable and fair-minded people to differ in their
conclusions.”  King Ranch, Inc. v. Chapman, 118 S.W.3d 742,
751 (Tex. 2003) (quoting Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d
706, 711 (Tex. 1997)).  If the evidence does no more than create a mere
surmise or suspicion of fact, less than a scintilla of evidence exists.  Transp.
Ins. Co. v. Faircloth, 898 S.W.2d 269, 282 (Tex. 1995); Macias v. Fiesta
Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999,
no pet.).  To defeat a no-evidence motion for summary judgment, the
respondent is not required to marshal its proof; its response need only point
out evidence that raises a fact issue on the challenged elements.  Tex. R. Civ. P. 166a(i) cmt.   

B. 
Quantum Meruit

          Speck
contends that he produced sufficient evidence to raise a genuine issue of
material fact with regard to the challenged elements of his quantum meruit
claims.  The Church and Dry Bones respond that Speck did not produce any
competent summary judgment evidence in support of his claims.

“Quantum meruit is an equitable remedy
which does not arise out of a contract, but is independent of it.”  Vortt Exploration
Co. v. Chevron U.S.A., Inc., 787 S.W.2d 942, 944 (Tex.
1990).  Generally, a party may recover under quantum
meruit only if no express contract covering the services or materials furnished
exists.  Id.; Truly v. Austin, 744 S.W.2d 934, 936 (Tex. 1988).  Quantum meruit “is based upon the promise implied by law to pay for
beneficial services rendered and knowingly accepted.”  Campbell v. Nw. Nat’l Life Ins. Co., 573 S.W.2d 496, 498 (Tex. 1978).  A
party can recover in quantum meruit when non-payment for the services rendered
would result in an unjust enrichment to the party benefited by the work.  Vortt Exploration Co., 787 S.W.2d at 944. 
To recover under quantum meruit a claimant must prove that: (1)
valuable services were rendered or materials furnished; (2)
for the person sought to be charged; (3) which services and
materials were accepted by the person sought to be charged, used and enjoyed by
him; (4) under such circumstances as reasonably
notified the person sought to be charged that the plaintiff in performing such
services was expecting to be paid by the person sought to be charged.  Id.; Bashara v. Baptist Mem’l Hosp. Sys., 685 S.W.2d 307, 310 (Tex. 1985).

1.  Speck’s Affidavits

          The
Church and Dry Bones contend that the affidavits Speck filed on April 26 in
support of his summary judgment responses do not constitute summary judgment
evidence because the affidavits were not timely filed.

          Texas
Rule of Civil Procedure 166a(c) provides:    

The motion for summary judgment shall state the
specific grounds therefor.  Except on leave of court, with notice to
opposing counsel, the motion and any supporting affidavits shall be filed and
served at least twenty-one days before the time specified for hearing. 
Except on leave of court, the adverse party, not later than seven days prior to
the day of hearing may file and serve opposing affidavits or other written
response.

 

Tex. R. Civ.
P. 166a(c). 
“Summary judgment evidence may be filed late, but only with leave of
court.”  Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996).  Where nothing appears in the record to indicate that the trial court granted
leave to file the summary judgment response late, we presume that the trial
court did not consider the response.  Id.; INA of Tex. v. Bryant, 686 S.W.2d 614, 615 (Tex. 1985).  

          Here,
Speck filed that affidavits on April 26 and the summary judgment hearing was
set for May 2.  The affidavits were untimely because Speck filed them six
days before the summary judgment hearing instead of seven, as required by Rule
166a(c).  See Tex. R. Civ.
P. 4 (“In computing any period of time prescribed or allowed by
these rules, . . . the day of the act, event, or default after which the
designated period of time begins to run is not to be included.  The last
day of the period so computed is to be included.”); Tex. R. Civ. P. 166a(c); Geiselman v. Cramer Fin. Group, Inc., 965 S.W.2d
532, 535 (Tex. App.—Houston [14th Dist.] 1997, no writ) (noting that when
summary judgment hearing was set for November 7, last day to file response was
October 31).  The record contains no indication that the trial
court granted Speck leave to file the affidavits late or otherwise considered
them in granting summary judgment.  Speck’s affidavits therefore are
not summary judgment evidence.  See Crowder, 919 S.W.2d at
663; Bryant, 686 S.W.2d at 615.  

2.  Affidavits in the Pleadings

          The
Church and Dry Bones contend that the affidavits Speck included with his
pleadings do not constitute summary judgment evidence because Speck did not
attach them to, or otherwise refer to them, in his summary judgment
responses.  The affidavits in Speck’s pleadings state the elements
of a sworn account.

A party must expressly
and specifically identify the supporting evidence on file that it seeks the
trial court to consider in a summary judgment motion or a response to a summary
judgment motion. 
Boeker v. Syptak,
916 S.W.2d 59, 61 (Tex. App.—Houston [1st Dist.] 1996, no writ); see
also Tex. R. Civ. P. 166a(i) cmt. (“To defeat a [no-evidence
summary judgment] motion made under paragraph (i), the respondent is not
required to marshal its proof; its response need only point out evidence that
raises a fact issue on the challenged elements.”).[1] 
“Additionally, affidavits attached to pleadings but not attached
to the motion for summary judgment will not be included as summary judgment
evidence.”  Boeker, 916 S.W.2d at 61–62.[2] 


Here, Speck
did not attach the affidavits included with his pleadings to his
summary judgment responses, nor did he incorporate the affidavits by
reference.  The affidavits attached to Speck’s pleadings are
therefore not summary judgment evidence.  See id.

3.  Remaining Evidence

          Speck’s
remaining evidence consists of (1) invoices, receipts, time sheets, bills, and
business records that Speck filed with the trial court as exhibits, and (2) two
affidavits authenticating these records under the business records exception to
the hearsay rule, and the self-authentication rule.  See Tex. R. Evid. 803(6), 902(10). 
These business records and affidavits do not demonstrate that the circumstances were such that the Church and Dry Bones
received reasonable notification that Speck expected payment for any services
or material he might have rendered or furnished.  See Vortt Exploration Co., 787 S.W.2d at 944. 


The records include a letter from Dry Bones
thanking Speck for a $1,600 donation.  Speck appears to have written the
following on the face of the letter: “Sorry Jack, this was not a
gift.  It was an advance so you could buy food to get started back in
September.  Copy sent back 12/21/04.”  Speck, however, produced
no evidence that he sent this letter back to Dry Bones, or that Dry Bones
received it.  The letter therefore does not constitute more than a
scintilla of evidence that Dry Bones received reasonable notification that
Speck expected reimbursement for his expenditures.  The letter does no
more than create a mere surmise or suspicion of fact without evidence that Dry
Bones actually received it.  See Faircloth, 898 S.W.2d at
282; Macias, 988 S.W.2d at 317; see also Stewart v. Sanmina Tex. L.P., 156 S.W.3d 198, 216–17 (Tex. App.—Dallas 2005, no pet.)
(holding summary judgment on plaintiff’s quantum meruit claim was proper
because plaintiff produced evidence that employer reimbursed employees if they
timely submitted cellular telephone bills, but produced no evidence that he
timely submitted his bill).  The remainder of Speck’s
records demonstrate that he tracked the expenditures he made for the Church and
Dry Bones, but do not indicate that the Church and Dry Bones received
reasonable notification that they were expected to reimburse him for these expenditures. 


We hold that the evidence Speck
presented is insufficient to raise a genuine issue of material fact on the
fourth element of his quantum meruit claims.  See Vortt Exploration Co., 787 S.W.2d at 944.  The trial court therefore properly
granted the Church’s and Dry Bones’ motions for summary judgment on
Speck’s quantum meruit claims.  See Heldenfels
Bros., Inc. v. City of Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992)
(holding evidence was insufficient to support quantum meruit claim when
plaintiff produced no evidence that circumstances reasonably notified defendant
that plaintiff expected payment for goods); Stewart, 156 S.W.3d at
216–17 (holding summary judgment on plaintiff’s quantum meruit
claim was proper because plaintiff produced evidence that employer reimbursed
employees if they timely submitted cellular telephone bills, but produced no
evidence that he timely submitted his bill); McFarland v. Sanders, 932
S.W.2d 640, 643–44 (Tex. App.—Tyler 1996, no writ) (holding
evidence was insufficient to support quantum meruit claim because plaintiff
produced no evidence that plaintiff provided services for defendant’s
benefit); Peko Oil USA v. Evans, 800 S.W.2d 572, 575–76 (Tex.
App.—Dallas 1990, writ denied) (holding that trial court erred in overruling
defendant’s motion for directed verdict on plaintiff’s quantum
meruit claim because plaintiff produced no evidence that circumstances
reasonably notified defendant that plaintiff expected payment for services); Econ.
Forms Corp. v. Williams Bros. Constr. Co., 754 S.W.2d 451, 458–59
(Tex. App.—Houston [14th Dist.] 1988, no writ) (holding that summary
judgment was proper on plaintiff’s quantum meruit claim because plaintiff
produced no evidence that circumstances reasonably notified defendant that
plaintiff expected payment for goods and services).

Excess Relief

          The
Church’s and Dry Bones’ summary judgment motions challenged only
the evidence supporting Speck’s quantum meruit claims.  The trial
court, however, granted summary judgment on all of Speck’s claims,
including his sworn account and breach of contract claims.  The Church and
Dry Bones assert that Speck has waived any complaint regarding this excess
relief because he failed to raise it at trial or on appeal.  While Speck
did not specifically assert in his appellate brief that the trial court’s
judgment should be reversed because the trial court granted the Church and Dry
Bones excess relief, he nevertheless expressly contends on appeal that fact
issues exist on his sworn account and breach of contract claims.

          “[A] motion for summary judgment shall state the specific
grounds therefor.”  Tex. R.
Civ. P. 166a(c).  A trial
court can only grant summary judgment on
the grounds addressed in the motion for summary judgment.  See Blancett v. Lagniappe
Ventures, Inc.,
177 S.W.3d 584, 592 (Tex. App.—Houston [1st Dist.] 2005, no pet.); Postive
Feed, Inc. v. Guthmann, 4 S.W.3d 879, 881 (Tex. App.—Houston [1st
Dist.] 1999, no pet.) (“When, as here, a trial court grants
more relief by summary judgment than requested, by disposing of issues never
presented to it, the interests of judicial economy demand that we reverse and
remand as to those issues, but address the merits of the properly presented
claims.”  (citing Bandera Elec. Coop.,
Inc. v. Gilchrist,
946 S.W.2d 336, 337 (Tex. 1997))).  A
motion for summary judgment “must stand or fall on the grounds expressly
presented in the motion.”  McConnell v. Southside Indep. Sch.
Dist., 858 S.W.2d 337, 341 (Tex. 1993).  “A trial court that renders judgment based upon a motion
errs in granting more relief than the motion requests.”  Toubaniaris
v. Am. Bureau of Shipping, 916 S.W.2d 21, 23 (Tex. App.—Houston [1st
Dist.] 1995, no writ); see also Lehmann v. Har-Con Corp., 39
S.W.3d 191, 200 (Tex. 2001) (“A judgment that grants more relief than a
party is entitled to is subject to reversal, but it is not, for that reason
alone, interlocutory.”).  

An appellant’s brief “must state
concisely all issues or points presented for review,” and the
“statement of an issue or point will be treated as covering every
subsidiary question that is fairly included.”  Tex. R. App. P. 38.1(e).  “[I]t is our
practice to construe liberally points of error in order to obtain a just, fair
and equitable adjudication of the rights of the litigants.”  Sterner
v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989); see also Tex. R. App. P. 38.9; Tex. Mexican
Ry. Co. v. Bouchet, 963 S.W.2d 52, 54 (Tex. 1998) (“Courts should liberally construe
briefing rules.”); Anderson v. Gilbert, 897 S.W.2d 783, 784 (Tex. 1995) (“Courts are to construe rules on briefing liberally.”).  An appellant’s
brief must also contain a clear and concise argument for the contentions made,
with appropriate citations to authorities and to the record.  Tex. R. App. P. 38.1(h); see also Vickery v.
Vickery, 999 S.W.2d 342,
352–53 (Tex. 1999).  

          Here,
in his sole issue, Speck asserts that, “The Trial Court Erred In Granting
Appellees’ Motion For Summary Judgment, As There Existed Evidence In The
Court’s File Supporting Appellant’s Case.”  The argument
section of Speck’s appellate brief then contains the following
statements: 

A sworn account was pleaded and proved in all its elements. 
There was an open account between the parties for over a year.  The
parties operated under the account arrangement.  Appellant performed his
obligations under the account agreement and expected payment.  The
Appellees, after receiving the benefit of the bargain refused to pay.

There was a contractual agreement between the parties.  The
Appellant agreed to do certain remodeling for Appellees, and to be reimbursed
for [sic] same.  The work was performed and accepted.  The Appellees
made partial payment on the agreement, and should now be estopped from denying
the agreement.

 

Construing Speck’s issue and
argument liberally, we hold that Speck’s appellate brief fairly includes
a complaint regarding the trial court’s grant of excess relief to the
Church and Dry Bones.  See Tex. R. App. P. 38.1(e), (h); Tex. R. App. P. 38.9 (“Because briefs are meant to acquaint the court with the
issues in a case and to present argument that will enable the court to decide
the case, substantial compliance with this rule is sufficient . . . .”);
Sterner, 767 S.W.2d at 690; Hagberg v. City of Pasadena, No. 01-05-00466-CV, 2007 WL 494201, at *3 (Tex. App.—Houston [1st Dist.]
Feb. 15, 2007, no pet.) (liberally construing issue and holding that it fairly
included subsidiary issue).  When read together, Speck’s issue and
argument assert that the trial court’s summary judgments on his sworn
account and breach of contract claims were improper because factual disputes
remain on these claims.  We hold that when a trial court grants summary
judgment on a ground not contained in the motion for summary judgment, an
assertion on appeal that fact issues remain on that ground is sufficient under
the Texas Rules of Appellate Procedure to raise a challenge to the excess
relief—without any request for summary judgment on a claim, nothing
exists in the trial court record to controvert an appellant’s contention
on appeal that facts exist to support it.  See Tex. R. App. P. 38.1(e), (h); Sterner, 767 S.W.2d at 690; Malooly
Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970) (holding that issue
stating that trial court erred in granting summary judgment is sufficiently
broad to allow argument as to all possible grounds upon which summary judgment
should have been denied).  The trial court therefore erred in
granting summary judgment on Speck’s sworn account and breach of contract
claims.  See Tex. R. Civ. P.
166a(c); Lehman, 39 S.W.3d at 200; McConnell,
858 S.W.2d at 341; Blancett, 177 S.W.3d at 592; Guthmann,
4 S.W.3d at 881; Toubaniaris, 916 S.W.2d at 23.  Accordingly,
we reverse the trial court’s judgment on Speck’s sworn account and
breach of contract claims and remand these claims for
further proceedings.  

 

 

 

 

 

 

 

 

 

 

 

Conclusion

          We
hold that the trial court (1) properly granted the Church’s and Dry
Bones’ summary judgments on Speck’s quantum meruit claims because
Speck failed to produce sufficient evidence to raise a genuine issue of
material fact on these claims, and (2) erred in granting summary judgment on
Speck’s sworn account and breach of contract claims because the Church
and Dry Bones did not move for summary judgment on these claims.  We
therefore affirm the trial court’s judgment with regard to Speck’s
quantum meruit claims.  We reverse the trial court’s judgment with
regard to Speck’s sworn account and breach of contract claims, and remand
for
further proceedings.

 

 

                                                                   Jane Bland

                                                                   Justice

 

Panel consists of Justices Nuchia,
Hanks, and Bland.

 









[1] See also Duke v.
Caterpillar, Inc., No.
01-03-00840-CV, 2005 WL 568071, at
*5 (Tex.
App.—Houston [1st Dist.] Mar. 10, 2005, no pet.) (mem. op.) (“A party must expressly and specifically identify the
supporting evidence on file which it seeks to have considered by the trial
court.”).

 





[2] See also Williams
v. Angelopoulous, No. 01-99-00060-CV, 2000
WL 1641127, at *3 (Tex. App.—Houston [1st Dist.] Nov. 2, 2000, no pet.)
(not designated for publication) (“Affidavits not attached to
the motion for summary judgment or the response are not summary judgment
evidence.”).