Thomas H. HOOD, et al., Petitioners,

v.

AMARILLO NATIONAL BANK, Respondent.

No. D–0980.

Supreme Court of Texas.

Sept. 18, 1991.

**546**

Charles A. Stephens, II, Canyon Lake, Michael S. Smiley, Amarillo, for petitioners.

Laurance Alan Bransgrove, Tom Boyd, Amarillo, for respondents.

## ON MOTION FOR REHEARING

### PER CURIAM.

In this cause, we consider whether a final and appealable judgment existed after one defendant filed bankruptcy prior to the trial court's entry of judgment and there was no severance of the bankrupt defendant. Under these circumstances, we conclude that there was no final and appealable judgment. Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the court grants the motion for rehearing of the application for writ of error of Thomas H. Hood, O.N. Winniford and Frank S. McGee and, without hearing oral argument, reverses the judgment of the court of appeals and remands the cause to the trial court.

Amarillo National Bank (Bank) filed suit against Pedernales Petroleum Corporation (Pedernales) and Thomas H. Hood, O.N. Winniford and Frank S. McGee (Guarantors) to recover on a promissory note executed by Pedernales and guaranteed by Guarantors. In 1987, the trial court granted the Bank's summary judgment against Pedernales and Guarantors on all matters except attorney's fees. In early January 1988, the trial court held a hearing on attorney's fees. Concurrently, Pedernales filed a voluntary petition in bankruptcy. On January 25, 1988, the trial court signed a judgment nunc pro tunc correcting errors in an earlier judgment. The judgment nunc pro tunc provided:

> The Court further finds that one or more of the Defendants may have instituted bankruptcy proceedings since the entry of summary judgment herein but before this hearing to determine the amount of reasonable attorney's fees to be assessed against them.

> IT IS THEREFORE ORDERED that as to those Defendants, if any, who initiated bankruptcy proceedings subsequent to the entry of summary judgment herein but prior to the Court's determination of reasonable attorney's fees to be assessed against Defendants, such proceedings, and any subsequent action taken by the Court in the entry and enforcement of this Final Judgment shall be null and void and have no effect, but as to the remaining Defendants this Judgment shall become final and enforceable as hereinabove provided.

Subsequently, Pedernales and Guarantors sought mandamus relief which the court of appeals overruled in an unpublished opinion. Thereafter, Pedernales and Guarantors filed a motion for new trial which the trial court overruled. Pedernales and Guarantors appealed to the court of appeals which dismissed the appeal for want of jurisdiction because they failed to timely file a cost bond. Pedernales and Guarantors appealed to this court which denied their application. The Bank subsequently filed notice to take the post-judgment depo-

sitions of Guarantors. Guarantors sought injunctive relief to prevent the depositions which the trial court denied. The court of appeals affirmed, holding that the judgment against Pedernales and Guarantors was final despite no express severance of Pedernales from the underlying lawsuit and that Guarantors' right to injunctive relief was barred by the statute of limitations. 807 S.W.2d 807.

First, Guarantors argue that there was no final and appealable judgment in this cause. Under these circumstances, we agree.

As a general rule, when a debtor files a bankruptcy petition, a stay is imposed pursuant to the bankruptcy code's automatic stay provision. The automatic stay provision provides in pertinent part:

[A bankruptcy] petition ... operates as a stay, applicable to all entities, of ... the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C.A. § 362(a)(1) (West Supp.Pamph. 1991). In this case, the court of appeals held that the judgment nunc pro tunc was final concerning all defendants, notwithstanding Pedernales' bankruptcy, and that there was no need for the trial court to sever the separate portions of the judgment. Clearly, the trial court could not enter a final judgment against Pedernales at the time the judgment nunc pro tunc was signed because such action would violate the bankruptcy code's automatic stay provision. *See Star–Tel v. Nacogdoches Telecommunications*, 755 S.W.2d 146, 150 (Tex.App.—Houston [1st Dist.] 1988, no writ); *Southern County Mutual Ins. Co. v. Powell*, 736 S.W.2d 745, 748 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Howard v. Howard*, 670 S.W.2d 737, 739 (Tex.

App.—San Antonio 1984, no writ); *Community Investers IX, LTD. v. Phillips Plastering Co.*, 593 S.W.2d 418, 420 (Tex. Civ.App.—Houston [14th Dist.] 1980, no writ).

A summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance is ordered. *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.*, 159 Tex. 550, 324 S.W.2d 200, 200–01 (1959). *See Teer v. Duddlesten*, 664 S.W.2d 702, 703–04 (Tex. 1984). "In the absence of an order of severance, a party against whom such an interlocutory summary judgment has been rendered will have his right of appeal when and not before the same is merged in a final judgment disposing of the whole case." *Pan American*, 324 S.W.2d at 201. In this case, the summary judgment was interlocutory because the trial court expressly reserved the question of attorney's fees to be assessed against all defendants including Pedernales. Thus, the judgment did not dispose of all the parties or issues. *See Teer*, 664 S.W.2d at 703–04. "There is no presumption in partial summary judgments that the judgment was intended to make an adjudication about all parties and issues." *Teer*, 664 S.W.2d at 704.[1] Consequently, we conclude that there was no final judgment against Pedernales. Since there was no final judgment against Pedernales and Pedernales was not severed out of the suit, we hold that there was no final and appealable judgment in this cause.

Second, Guarantors argue that the one year statute of limitations applicable to enjoining the execution of judgment applies only to final and appealable judgments. We agree.

Section 65.014(a) of the Texas Civil Practice and Remedies Code provides in pertinent part that "an injunction to stay execution of a valid judgment may not be granted more than one year after the date on which the judgment was rendered...."

---

1. In addition, the trial court did not consider the summary judgment against Pedernales to be a final judgment because the trial court, in its findings of fact and conclusions of law made in overruling Guarantors' motion for new trial, stated that the suit was final concerning Guarantors but was abated concerning Pedernales.

Tex.Civ.Prac. & Rem.Code Ann. § 65.014(a) (Vernon 1986). Rule 627 of the Texas Rules of Civil Procedure provides in pertinent part:

> If no supersedeas bond ... has been filed and approved, the clerk of the court ... shall issue the execution upon such judgment upon application of the successful party ... after the expiration of thirty days from the time a final judgment is signed. If a timely motion for new trial ... is filed, the clerk shall issue the execution upon the judgment on application of the party ... after the expiration of thirty days from the time the order overruling the motion is signed or from the time the motion is overruled by operation of law.

Tex.R.Civ.P. 627 (emphasis added). Obviously, a writ of execution will not issue until after a final and appealable judgment is signed. Consequently, since a writ of execution will not issue until after a final and appealable judgment is signed, the statute of limitations under section 65.014 for granting an injunction to stay execution of a valid judgment does not begin to accrue until a final and appealable judgment is signed. Since there was no final and appealable judgment in this cause, Guarantors' right to injunctive relief to stay execution of the judgment was not barred by the statute of limitations under section 65.014.

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the court grants the motion for rehearing of the application for writ of error of Thomas H. Hood, O.N. Winniford and Frank S. McGee and, without hearing oral argument, reverses the judgment of the court of appeals and remands the cause to the trial court.