STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Appellant,

v.

Janet LEEDS and Bob Westfall,
Appellees.

No. 01–98–00134–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 31, 1998.

Katherine D. Mackillop, Houston, for Appellants.

Kevin M. O'Malley, Houston, for Appellees.

Before MIRABAL, O'CONNOR, and NUCHIA, JJ.

## OPINION ON CONTINUING ABATEMENT

PER CURIAM.

This is an insurance coverage dispute. Appellant, State Farm Mutual Automobile Insurance Company (State Farm), and appellees, Janet Leeds and Bob Westfall, filed cross-motions for summary judgment. The trial court denied State Farm's motion, but granted appellees' motion. We abate this appeal and remand the cause to the trial court.

## DISCUSSION

Appellees sued Farmers Texas County Mutual (Farmers) under an insurance policy. The trial court rendered summary judgment in favor of appellees for $10,000 and *"attorney fees to be determined."* (Emphasis added).

To be a final, appealable summary judgment, the order granting the motion must dispose of all parties and all issues before the court. *Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex.1993). Because the trial court left the issue of attorneys' fees to be determined in the future, this judgment is interlocutory. *See Hood v. Amarillo Nat'l Bank*, 815 S.W.2d 545, 547 (Tex.1991) (attorneys' fees to be determined in future made summary judgment interlocutory); *Gorman v. Gorman*, 966 S.W.2d 858, 863 (Tex.App.—Houston [1st Dist.] 1998, pet. filed) (trial court's failure to address attorneys' fees rendered summary judgment interlocutory).

Because the judgment is interlocutory, pursuant to our authority under TEX. R. APP. P. 27.2, we abate this appeal and remand the cause to the trial court for a hearing to dispose of the attorneys' fees issue. *See Schauer v. Memorial Care Sys.*, 856 S.W.2d 437 (Tex.App.—Houston [1st Dist.] 1993, no writ) (applying predecessor rule to TEX. R. APP. P. 27.2).

This appeal will be treated as a closed case and removed from the Court's active docket. However, mandate will not issue until the trial court complies with this order and the merits of the case are resolved by this Court.

The attorneys for the parties to this appeal are directed to contact the trial court coordinator to set a date for a hearing in compliance with this Court's opinion. Absent a request by either party, the trial court coordinator is directed to set a hearing date and notify the parties of such date. The hearing shall be set for a date no later than 45 days from the date of this order. The trial court coordinator shall advise the Clerk of this Court of the hearing date as soon as it is set.

The appeal will be reinstated on this Court's active docket when a supplemental clerk's record containing a signed, final judgment from the trial court disposing of the attorney's fees issue is filed in this Court.

In the event a supplemental clerk's record with a signed, final judgment is not filed in this Court within 60 days after the date of this order, this Court will dismiss the appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a)

It is so ORDERED.