98211CV.White,Herman.fgm.ab.dism















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-361-CV

Â Â Â Â Â KENNETH D. FORD,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â CHARLES C. BELL, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 31,985
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Ford brought suit against Bell and five other employees of the Institutional Division of the
Texas Department of Criminal Justice for alleged civil rights violations. The court rendered a
dismissal order for Bell and two other defendants holding that Fordâs claims against these
defendants were frivolous and malicious because the allegations had no arguable basis in law or
fact. See Tex. Civ. Prac. & Rem. Code Ann. Â§ 14.003(a)(1), (b)(2) (Vernon Supp. 1999). The
suit against the remaining three defendants is still pending. Ford attempts to appeal from the
courtâs partial dismissal order.
Â Â Â Â Â Â A dismissal order rendered under chapter 14 of the Civil Practice and Remedies Code is a
non-appealable interlocutory order. Id. Â§ 14.010. This Court has no jurisdiction over non-appealable interlocutory orders. See Hood v. Amarillo Natâl Bank, 815 S.W.2d 545, 547 (Tex.
1991). This appeal is dismissed for want of jurisdiction.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Gray, and
Â Â Â Â Â Â Justice Campbell (sitting by assignment)
Dismissed for want of jurisdiction
Opinion delivered and filed February 3, 1999
Do not publish



%21%5bCDATA%5b486%20U.S.%20429%2c%20439%5d%5d%3e%3c%2fcite%3e&_fmtstr=FULL&docnum=1&_startdoc=1&wchp=dGLzVtb-zSkAz&_md5=dd5a25f120d24705683df765799ad9f0">McCoy v. Court of Appeals, 486 U.S. 429, 439 n.10, 108 S.Ct.
1895, 1902 n.10, 100 L.Ed.2d 440 (1988).  Arguments are frivolous if
they Âcannot conceivably persuade the court.Â Â Id. at 426, 108 S.Ct. at
1901. Â An appeal is not frivolous if based on Âarguable grounds.Â Â Stafford,
813 S.W.2d at 511.

Appellate counsel first addresses
whether the trial court abused its discretion in denying BellÂs motion to
suppress.Â  

To suppress evidence on an alleged
violation of Fourth Amendment rights, the defendant bears the initial burden of
producing evidence that rebuts the presumption of proper police conduct.Â  Ford
v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).Â  A defendant
satisfies this burden by establishing that a search or seizure occurs without a
warrant.Â  Id.Â  Once the defendant makes this showing, the burden shifts
to the State, which must then establish that the search or seizure was
conducted with a warrant or was reasonable.Â  Id.

Â 

Haas v. State, 172 S.W.3d 42, 49 (Tex. App.ÂWaco 2005,
pet. refÂd).

Â Â Â Â Â Â Â Â Â Â Â  A trial courtÂs denial of a
motion to suppress is reviewed for abuse of discretion.Â  Oles v. State, 993
S.W.2d 103, 106 (Tex. Crim. App. 1999). . . .

Â 

The trial courtÂs findings of fact are
given Âalmost total deference,Â and in the absence of explicit findings, the
appellate court assumes the trial court made whatever appropriate implicit
findings that are supported by the record.Â  Carmouche v. State, 10
S.W.3d 323, 327-28 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d
85, 89-90 (Tex. Crim. App. 1997).Â  However, the application of the
relevant law to the facts, including Fourth Amendment search and seizure law,
is reviewed de novo.Â  Carmouche, 10 S.W.3d at 327. Also,
when the facts are undisputed and we are presented with a pure question of law,
de novo review is proper.Â  Oles, 993 S.W.2d at 106. Thus,
for example, when the issue to be determined on appeal is whether an officer
had probable cause, Âthe trial judge is not in an appreciably better position
than the reviewing court to make that determination.ÂÂ  Guzman, 955
S.W.2d at 87. Therefore, although due weight should be given to the
inferences drawn by trial judges and law enforcement officers, determinations
of matters such as reasonable suspicion and probable cause should be reviewed
de novo on appeal. Â Id.Â  (citing Ornelas v. United States, 517
 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996)).

Â 

Davis v. State, 74 S.W.3d 90, 94-95 (Tex. App.ÂWaco
2002, no pet.).

Â 

A law enforcement officer may lawfully
stop a motorist who commits a traffic violation.Â  Garcia v. State, 827
S.W.2d 937, 944 (Tex. Crim. App. 1992).Â  In general, the decision to stop an
automobile is reasonable when an officer has probable cause to believe that a
traffic violation has occurred.Â  Walter v. State, 28 S.W.3d 538, 542
(Tex. Crim. App. 2000); Wolf v. State, 137 S.W.3d 797, 801 (Tex.
App.ÂWaco 2004, no pet.); see also Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996).Â  

Â 

Haas, 175 S.W.3d at 49-50.

Â 

The evidence in the suppression hearing
shows that a Waco police officer pulled over a car in which Bell was a
passenger at 3:10 a.m. in a high-crime area of Waco.Â  The officer testified
that he pulled over the car because he could not read the license plate because
the license plateÂs lightbulb was dangling on its wire and emitting its glare
outward so that the officer could not read the license plate from a fifty-foot
distance.Â  Failure to have a light that illuminates the rear license plate and
makes the plate clearly legible at a distance of 50 feet from the rear is a
traffic violation.Â  See Tex.
Transp. Code Ann. Â§Â§ 542.301(a), 547.322(f) (Vernon 1999).

The officer gave admittedly inconsistent
testimony about when he was able to read and run the plate number and whether
he drove up or walked up to it to initially read it, but he did consistently
maintain that, because of dangling bulb, the plate was not legible from fifty
feet.Â  In a suppression hearing, the trial court is the sole trier of fact and
judge of the witnesses and the weight to be given their testimony, and may
believe or disbelieve all or any part of a witnessÂs testimony.Â  Ross v.
State, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).Â  No findings of fact were
requested or made, and in denying the motion to suppress, the trial court
impliedly believed the officerÂs testimony about the legibility of the license
plate.Â  We must view the evidence in the light most favorable to the trial
courtÂs ruling.Â  Kelly v. State, 204 S.W.3d 808, 818 (Tex. Crim. App.
2006).Â  Accordingly, we agree with counsel that the trial courtÂs denial of the
motion to suppress at the suppression hearing or when it was reurged at trial
is not an issue that might arguably support an appeal.

Next, appellate counsel addresses
whether the evidence is legally and factually sufficient to support the
conviction and concludes that it is sufficient.Â  When reviewing a challenge to the legal sufficiency of the
evidence to establish the elements of a penal offense, we must determine
whether, after viewing all the evidence in the light most favorable to the
verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.Â  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Adelman v. State, 828
S.W.2d 418, 422 (Tex. Crim. App. 1992).Â  Any inconsistencies in the evidence
are resolved in favor of the verdict.Â  Curry v. State, 30 S.W.3d 394,
406 (Tex. Crim. App. 2000).

In a factual sufficiency review, we ask
whether a neutral review of all the evidence, though legally sufficient,
demonstrates either that the proof of guilt is so weak or that conflicting
evidence is so strong as to render the factfinderÂs verdict clearly wrong and
manifestly unjust.Â  Watson v. State, 204 S.W.3d. 404, 414-15 (Tex. Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).Â 
ÂThe court reviews the evidence weighed by the jury that tends to prove the
existence of the elemental fact in dispute and compares it with the evidence
that tends to disprove that fact.ÂÂ  Johnson, 23 S.W.3d at 7.

The State was required to prove beyond a
reasonable doubt that Bell knowingly or intentionally possessed a controlled
substance (here, crack cocaine) in an amount of less than one gram.Â  See
Tex. Health & Safety Code Ann.
Â§ 481.115 (Vernon 2003).Â  The Court of Criminal Appeals has provided the
following explanation for the Âso-called Âaffirmative linksÂ ruleÂ:

[I]n a possession of a controlled
substance prosecution, Âthe State must prove that: (1) the accused exercised
control, management, or care over the substance; and (2) the accused knew the
matter possessed was contraband.ÂÂ  Regardless of whether the evidence is direct
or circumstantial, it must establish that the defendantÂs connection with the
drug was more than fortuitous.Â  This is the so-called Âaffirmative linksÂ rule
which protects the innocent bystanderÂa relative, friend, or even stranger to
the actual possessorÂfrom conviction merely because of his fortuitous proximity
to someone elseÂs drugs.Â  Mere presence at the location where drugs are found
is thus insufficient, by itself, to establish actual care, custody, or control
of those drugs.Â  However, presence or proximity, when combined with other
evidence, either direct or circumstantial (e.g., ÂlinksÂ), may well be
sufficient to establish that element beyond a reasonable doubt.Â  It is, as the
court of appeals correctly noted, not the number of links that is dispositive,
but rather the logical force of all of the evidence, direct and circumstantial.

Â 

Evans
v. State, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006) (quoting Evans
v. State, 185 S.W.3d 30, 34 (Tex. App.ÂSan Antonio 2005)) (footnotes
omitted).Â  Thus, there must be direct or circumstantial evidence establishing
that Bell exercised control, management, or care over the controlled substance
and knew it was contraband.Â  See id.

The
evidence showed that after the officer had pulled over the car, he discovered
that an arrest warrant had been issued for Bell.Â  The officer handcuffed Bell
and then saw Bell reach into his pocket, pull out a small plastic bag, and drop
it.Â  Field-testing and lab testing showed the substance in the bag to be
cocaine.Â  We agree with counsel that sufficiency of the evidence is not an
issue that might arguably support an appeal.[1]

BellÂs counsel last addresses whether two
testimonial references by the officer to BellÂs prior hearing for revocation of
community supervision (in which the officer appears to have given testimony on
the offense before us) caused reversible error.Â  On each occasion BellÂs trial
counsel objected and asked the trial court to instruct the jury to disregard
the officerÂs statement.Â  The trial court gave the instruction to disregard both
times but denied the follow-up mistrial requests.

[T]he question of whether a mistrial
should have been granted involves most, if not all, of the same considerations
that attend a harm analysis.Â  A mistrial is the trial courtÂs remedy for
improper conduct that is Âso prejudicial that expenditure of further time and expense
would be wasteful and futile.ÂÂ  In effect, the trial court conducts an
appellate function:Â  determining whether improper conduct is so harmful that
the case must be redone.Â  Of course, the harm analysis is conducted in light of
the trial courtÂs curative instruction.Â  Only in extreme circumstances, where
the prejudice is incurable, will a mistrial be required.

Â 

Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); see also Archie v. State, 221 S.W.3d 695, 699-700 (Tex. Crim.
App. 2007).Â  Thus, the appropriate test for evaluating whether the trial court
abused its discretion in overruling a motion for mistrial is a tailored version
of the test originally set out in Mosley v. State, 983 S.W.2d 249,
259-60 (Tex. Crim. App. 1998).Â  See Hawkins, 135 S.W.3d at 77.Â  Those
factors are: (1) the prejudicial effect, (2) curative measures, and (3) the
certainty of conviction absent the misconduct.Â  Id.; see Mosley,
983 S.W.2d at 259.

In this case, the evidence of guilt was
strong, and the two references to the revocation hearing appear to have been
inadvertently made and were not so prejudicial that continuation of the trial
would be a waste of time and expense and ultimately futile.Â  Moreover, such
references were curable by an instruction to the jury to disregard.Â 
Accordingly, we agree with counsel that the trial courtÂs mistrial denials are not
an issue that might arguably support an appeal.

We have also conducted
an independent review of the record, and because we find this appeal to be
wholly frivolous, we affirm
the judgment.Â  Counsel must
send Bell a copy of our decision by certified mail, return receipt requested,
at BellÂs last known address. Â Tex. R.
App. P. 48.4.Â 
Counsel must also notify
Bell of his right to file a pro se petition for discretionary review. Â Id.; see
also Ex parte Owens, 206 S.W.3d 670, 673-74 (Tex.
Crim. App. 2006); Villanueva, 209 S.W.3d at 249.Â 
We grant counselÂs motion to withdraw, effective upon counselÂs compliance with
the aforementioned notification requirement as evidenced by Âa letter [to this
Court] certifying his compliance.ÂÂ  See Tex. R.
App. P. 48.4.

Â 

REX D. DAVIS

Justice

Â 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

(Chief Justice Gray concurs in the
judgment of the court to the extent it affirms the judgment of the trial
court.Â  A separate opinion will not issue.)

Affirmed

Opinion
delivered and filed December 9, 2009

Do
not publish

[CR25]









[1] BellÂs counsel also concludes that, if
any error occurred during voir dire, no harm can be shown.Â  We agree.