Dismissed and Memorandum Opinion filed April 14, 2005









Dismissed and Memorandum Opinion filed April 14, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01001-CV

____________

 

ABIODUN HENRI LAGOYE,
Appellant

 

V.

 

RICARDO PINA,
Appellee

 



 

On Appeal from the
165th District Court

Harris County, Texas

Trial Court Cause No.
01-41575

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a summary judgment, signed
September 6, 2002.  Appellant filed an
untimely motion for new trial on October 8, 2002.  Appellant=s notice of appeal was filed on
September 19, 2002.  

In his brief, appellee claims the judgment is
interlocutory.  We agree.  Appellant filed suit against two parties,
Major Connection Incorporation and Ricardo Pina.  The judgment from which appellant appeals is
an order granting partial summary judgment in favor of Pina.  The record contains no order of
severance.  








 A judgment that
finally disposes of all remaining parties and claims, based on the record in
the case, is final, regardless of its language. 
Lehmann v. Har‑Con Corp., 39 S.W.3d 191, 200 (Tex.
2001).  A summary judgment which does not
dispose of all parties and issues in the pending suit is interlocutory and not
appealable unless a severance is ordered. 
Hood v. Amarillo Nat. Bank, 815 S.W.2d 545, 547 (Tex. 1991); Pan
American Petroleum Corp. v. Texas Pacific Coal & Oil Co., 159 Tex. 550,
324 S.W.2d 200, 200‑01 (1959).  AIn the absence of an order of
severance, a party against whom such an interlocutory summary judgment has been
rendered will have his right of appeal when and not before the same is merged
in a final judgment disposing of the whole case.@ 
Pan American, 324 S.W.2d at 201.  


The judgment states it is a partial summary judgment in favor
of one party.  There is no judgment or
order disposing of the other defendant. 
Because no order of severance was signed, the partial summary judgment
in favor of Pina is interlocutory and not appealable.  This court has jurisdiction only over appeals
from final judgments and appeals from certain interlocutory judgments as
provided by statute.  See TEX. CIV. PRAC.
& REM.CODE ' 51.02 (Vernon 1997) (stating that in a civil case involving
more than $100, a party may appeal a final judgment from a district or county
court to the court of appeals); TEX. CIV. PRAC. & REM.CODE ' 51.014(a)(1)‑(10) (Vernon
Supp. 2004-05) (listing the types of cases in which an interlocutory appeal may
be brought).  There is no statutory
provision for appeal of the type of judgment presented in this case.

Accordingly, the appeal is ordered dismissed for lack of
jurisdiction.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed April 14, 2005.

Panel consists of Justices Yates,
Anderson, and Hudson.