# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00335-CV

**John H. Thomas, M.D., Appellant**

**v.**

**Graham Mortgage Corporation and Chris Norris, Substitute Trustee, Appellees**

## FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT NO. 36424, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

John H. Thomas filed a notice of appeal from the trial court's final judgment, arising from competing motions for summary judgment. The final judgment provides that Thomas take nothing from his claims against Graham Mortgage Corporation and Chris Norris, Substitute Trustee (collectively, "Graham Mortgage and Norris"). Conversely, the final judgment grants Graham Mortgage and Norris their requested declaratory relief and awards them damages against Thomas in the amount of $1,434,999.28, plus pre-judgment interest, post-judgment interest and attorneys' fees. Graham Mortgage and Norris have filed a motion to dismiss the appeal for want of jurisdiction. Specifically, Graham Mortgage and Norris argue that the final judgment does not represent a final appealable order because it was entered in violation of an automatic stay, imposed as a result of Thomas' filing bankruptcy. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, .014 (West 2008).

On April 25, 2011, Thomas filed for a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. When a debtor files a bankruptcy petition, federal bankruptcy law imposes an automatic stay on all judicial proceedings against the debtor. 11 U.S.C.A.§ 362(a) (West 2004 and Supp. 2011); *see also* Tex. R. App. P. 8.2 (when a party to an appeal files a bankruptcy petition the appeal is suspended) . Presumably unaware of Thomas' bankruptcy filing, on May 20, 2011, the trial court entered the final judgment against Thomas that is the subject of this appeal. Because the final judgment was entered in violation of the Bankruptcy Code's automatic stay, it cannot operate as a final appealable judgment. *Hood v. Amarillo Nat'l Bank*, 815 S.W.2d 545, 547 (Tex. 1991).

On July 25, 2011, the bankruptcy court entered an order modifying the automatic stay pursuant to 11 U.S.C.A. § 362(d)(1) (West 2004). The automatic stay was modified in order (1) to permit this Court to remand or dismiss this appeal, (2) to permit the trial court to vacate its final judgment entered on May 20th, enter a new final judgment, and consider any other timely motions (if otherwise allowed under the Texas Rules of Civil Procedure), and, lastly, (3) to permit this Court to consider any appeal of any resulting new final judgment.

Consistent with the automatic stay as modified, we abate this appeal and remand this cause to the trial court to conduct proceedings consistent with the bankruptcy court's July 25th order. The parties are directed to either supplement the appellate record with the trial court's final appealable order or file a status report within 45 days of the date of this opinion. Thomas' notice of appeal will be deemed filed on the day of, but after, the trial court signs a final judgment. *See* Tex. R. App. P. 27.1, 27.3.

Before Chief Justice Jones, Justices Pemberton and Henson

Abated

Filed: October 4, 2011