

### COURT OF APPEALS FOR THE
### FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:         Jameson Thottam v. Elizabeth Joseph

Appellate case number:    01-13-00377-CV

Trial court case number:  2007-75702

Trial court:                         311th District Court of Harris County

Appellee, Elizabeth Joseph, has filed a "Motion to Dismiss Appeal for Lack of Jurisdiction, Alternatively, Motion to Abate." Joseph argues that we have no subject matter jurisdiction, because there is no final judgment in this case, and requests that we dismiss the appeal. Joseph alternatively requests that we abate the appeal until a federal bankruptcy court issues a ruling to "make the state court judgment final and appealable." We deny the motion.

According to Joseph, appellant, Jameson Thottam, initiated divorce proceedings in Texas state court against Joseph. While the divorce was pending, Thottam filed for bankruptcy in federal court, thereby staying portions of the divorce proceedings. *See* 11 U.S.C.S. § 362(a), (b) (LexisNexis 2009 & Supp. 2013) (creating automatic stay upon filing of bankruptcy, but not staying child custody or divorce proceedings, except as related to division of property of bankruptcy estate). On February 26, 2012, the federal court entered an order partially lifting the stay. *See id.* § 362(d). The federal court stated: "The debtor and debtor's spouse or former spouse may prosecute their divorce proceeding." The federal court further stated that "[o]rders respecting the division of community property may be issued by the state court and any authorized arbitrator," but required the federal court's authorization prior to enforcement of any community property division order related to property that had not been determined to be exempt property under the Bankruptcy Code. As a result, proceedings in the district court resumed, and the trial court signed a final divorce decree on January 15, 2013 and an amended final divorce decree on April 29, 2013. Thottam filed a notice of appeal on April 20, 2013.

Joseph argues that the divorce decrees are not final, because (1) they contain language stating that any division of property that may be property of Thottam's bankruptcy estate "shall be made subject to final approval of the Bankruptcy Court" and "shall be made subject to additional orders," and (2) the federal court reserved final approval of the division of property when it stated that orders pertaining to non-exempt property "may not be enforced except as further ordered by this Court." Joseph requests dismissal or, alternatively, abatement of this appeal, and she further requests that we assess costs against Thottam.

The federal bankruptcy court's order allowed the divorce proceedings to be prosecuted, thereby lifting the automatic stay. The sole restriction maintained by the federal bankruptcy court related to the divorce proceedings prevented execution of the district court's order regarding the division of community property. The inability to execute or enforce the order does not, however, impact the finality of that order. *See* TEX. R. CIV. P. 621 (stating trial court judgments shall be enforced by execution), 622 (requiring trial court clerk to issue execution to enforce judgment after final judgment is rendered), 627 (defining time for issuance of execution, after final judgment is signed); *Hood v. Amarillo Nat'l Bank*, 815 S.W.2d 545, 548 (Tex. 1991) ("Obviously, a writ of execution will not issue until after a final and appealable judgment is signed."); *see also* TEX. FAM. CODE ANN. § 9.001 (West 2006) (allowing party to request enforcement of divorce decree by filing suit to enforce), § 9.006 (West 2006) (authorizing trial court to render further orders to enforce division of property and stating enforcement order does not affect finality of divorce decree). Therefore, the federal bankruptcy court's order allowing prosecution of the divorce but prohibiting enforcement of part of the property division order authorized, rather than proscribed, the district court's rendition of a final judgment.[1]

Further, the district court's divorce decree is not subject to the federal court's approval, because federal district courts lack jurisdiction to review or to entertain collateral attacks on state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 476, 482, 103 S. Ct. 1303, 1322, 1315 (1983); *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). Therefore, the federal bankruptcy court, whose authority derives from and cannot extend beyond the federal district court, may not review final judgments of a Texas court, and the finality of the district court's divorce decree cannot be dependent on approval from the federal bankruptcy court. *See* 28 U.S.C.S. § 157(a), (b)(1) (LexisNexis 2001), § 1334(b) (LexisNexis Supp. 2013); *Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022 (5th Cir. 1999); *Shankle v. Shankle (In re Shankle)*, 476 B.R. 908, 912 (Bankr. N.D. Miss. 2012).

Contrary to Joseph's arguments, the lack of an order from the bankruptcy court "approving the division of property upon divorce" does not render the district court's divorce decree "interlocutory and unappealable."

Accordingly, we deny the motion. We further deny Joseph's request to assess costs against Thottam.

It is so ORDERED.


Judge's signature: /s/ Jim Sharp _____

☑ Acting individually     ☐ Acting for the Court

Date: June 20, 2013 _____

---

[1] By lifting the automatic stay to allow prosecution of the divorce proceeding, the federal bankruptcy court permitted the district court below to determine the division of property while retaining the ability to determine whether any obligations imposed upon Thottam by the property division order would be dischargeable in the bankruptcy proceeding. *See* 11 U.S.C. § 523(a)(5), (15) (LexisNexis Supp. 2013); *see also Grogan v. Garner*, 498 U.S. 279, 284, 111 S. Ct. 654, 658 (1991) (holding that determination of whether property division creates dischargeable debt is matter of federal law).