# NO. 12-14-00014-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BUDDY KINDLE,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *LINEBARGER, GOGGAN, BLAIR & SAMPSON, LLP, JOANN ANDREWS AND DENNIS H. WALKER,* | | |
| *APPELLEES* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Appellant Buddy Kindle attempts to appeal the trial court's December 13, 2013 orders granting summary judgment motions filed by Appellee Linebarger, Goggan, Blair & Sampson, LLP, and its employee Appellee JoAnn Andrews, and by Appellee Dennis H. Walker.

It is well settled that, as a general rule, appellate courts have jurisdiction over final judgments as well as interlocutory orders that the legislature deems appealable by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2014) (authorizing appeals from certain interlocutory orders). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. *Lehmann*, 39 S.W.3d at 195. A summary judgment that does not dispose of all parties and claims in the pending suit is interlocutory and not appealable unless a severance is ordered. *Hood v. Amarillo Nat'l Bank*, 815 S.W.2d 545, 547 (Tex. 1991).

Here, the order granting Linebarger and Andrews's summary judgment motion disposes of all claims Kindle asserted against them. But the order granting Walker's summary judgment motion does not dispose of all of Kindle's claims against Walker. Therefore, the orders Kindle seeks to appeal do not dispose of all pending claims shown by the record. *See id.* Moreover,

there is no statutory provision authorizing an appeal of these orders, nor is there a severance that makes either order appealable.

On January 30, 2015, this Court notified Kindle, pursuant to Texas Rule of Appellate Procedure 37.2, that the information received in this appeal does not include a final judgment or other appealable order. Therefore, the record does not show that this Court has jurisdiction of the appeal. Kindle was further notified that his appeal would be dismissed if the information received in the appeal was not amended on or before February 9, 2015, to show the jurisdiction of this Court. That deadline has now passed, and we have not received a final judgment or other appealable order in this appeal. Accordingly, the appeal is ***dismissed for want of jurisdiction***. *See* TEX. R. APP. P. 37.2, 42.3.

Opinion delivered February 27, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 27, 2015**

**NO. 12-14-00014-CV**

**BUDDY KINDLE,**
Appellant
V.
**LINEBARGER, GOGGAN, BLAIR & SAMPSON, LLP,**
**JOANN ANDREWS AND DENNIS H. WALKER,**
Appellees

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 12-2167-B)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*