

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00072-CV

_____

HALEY BROWN, Appellant

V.

RK HALL CONSTRUCTION, LTD., RKH CAPITAL, LLC,
AND STACY LYON D/B/A LYON BARRICADE & CONSTRUCTION, Appellees

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 82395

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Haley Brown filed suit against RK Hall Construction, LTD., RKH Capital, LLC, Stacy Lyon d/b/a Lyon Barricade & Construction (Lyon), and the Texas Department of Transportation (TxDOT) in the 62nd Judicial District Court of Lamar County. The trial court entered summary judgment in favor of RK Hall Construction, LTD., and Lyon on August 27, 2015. The summary judgment order stated, "Plaintiff, Haley Brown, is granted permission to file a Petition for Interlocutory Appeal in the 6th Court of Appeals of this Court's granting of Defendants' Motions."

Thereafter and notwithstanding Brown's claim that no request was made of the trial court for permission to file an interlocutory appeal, Brown filed a petition seeking leave to file an interlocutory appeal[1] on September 25, 2015. *See* TEX. R. APP. P. 28.3.

RK Hall Construction, LTD., RKH Capital, LLC, and Lyon filed a response to the petition for interlocutory appeal on October 5, 2015, and an amended response on October 6, 2015. Respondents contend that the petition for permissive (or interlocutory) appeal should be denied, *inter alia*, because the petition was rendered moot by the entry of a final judgment as to respondents.

---

[1]Brown's petition states, *inter alia*, that

> [t]his case cannot be materially advanced and ultimately terminated in keeping with the requirements of Rule 168 [of the Texas Rules of Civil Procedure] and other controlling law unless this appeal is granted, and the matter remanded back to the trial court, because the Order does not specify the controlling issue of law as to which there is a substantial difference of opinion, and why an immediate appeal may materially advance the ultimate termination of the litigation, as required by [Rule] 168.

The summary judgment entered by the trial court did not constitute a final judgment because it failed to dispose of all parties and claims.[2] *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). However, on September 14, 2015, respondents filed a motion for severance in the trial court seeking severance of the claims against them from the remaining claims in the lawsuit so that the take-nothing judgment entered in their favor would be final. On September 17, the trial court granted that motion and entered an order severing the claims against RK Hall Construction, LTD., and Lyon from all other claims in the litigation. The order created a separate cause for the severed claims styled *Haley Brown v. Defendants RK Hall Construction*, *LTD., and Stacy Lyon d/b/a Lyon Barricade*, trial court cause number 84841. As a result of this severance order, the summary judgment disposing of the claims against RK Hall Construction, LTD., and Lyon is now a final, appealable judgment. *See Hood v. Amarillo Nat'l Bank*, 815 S.W.2d 545, 547 (Tex. 1991) (per curiam) ("summary judgment which does not dispose of all parties and issues in pending suit is interlocutory and not appealable unless [trial court orders] severance") (citing *Pan Am. Petroleum Corp. v. Tex. Pac. Coal & Oil Co.*, 324 S.W.2d 200, 200–01 (Tex. 1959)). Brown is therefore free to file a notice of appeal pursuant to Rule 25.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.1.

Both sides acknowledge that Brown's pursuit of a traditional appeal is permissible under these circumstances and that a traditional appeal will not serve to limit the arguments Brown can make on appeal. *See Hernandez v. Ebrom*, 289 S.W.3d 316, 319 (Tex. 2009) (failure to pursue

---

[2]The summary judgment did not dispose of Brown's claims against the TxDOT. And, although RKH Capital, LLC, is listed in the caption of the trial court's summary judgment order, the summary judgment did not specifically dispose of Brown's claims against that entity.

permissible interlocutory appeal does not prevent party from raising issue in traditional appeal that could have been raised in interlocutory appeal).

Because the trial court's severance order rendered Brown's petition for permissive appeal moot, we deny the petition and dismiss the appeal.[3]


                                        Ralph K. Burgess
                                        Justice


Date Submitted:      October 14, 2015
Date Decided:        October 15, 2015

---

[3]Having found this issue dispositive, we need not address the parties' remaining arguments regarding the propriety of granting a permissive appeal.  Should Brown file a traditional notice of appeal, it will be processed as a separate appeal under a separate cause number.