

# Fourth Court of Appeals
## San Antonio, Texas

November 22, 2016

No. 04-16-00085-CV

**WHATABURGER, INC.**, CA Development LLC, CA Real Estate LLC, Cinco Aguilas LLC, Tres Aguilas Enterprises LLC, Tres Aguilas Management LLC, Whataburger International LLC, Whataburger Real Estate LLC, Whataburger Restaurants LLC, et al.,
Appellants

v.

**WHATABURGER OF ALICE**, LTD.,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-01431
Honorable Gloria Saldana, Judge Presiding

## ORDER

Sitting:     Karen Angelini, Justice
             Marialyn Barnard, Justice
             Patricia O. Alvarez, Justice

Whataburger of Alice ("WOA") filed this suit against numerous parties (collectively referred to as "Whataburger") seeking declaratory relief to determine its rights and obligations under a 1993 Settlement Agreement. The requested declaratory relief consisted of assertions which the parties describe as "site selection rights and issues", "entity merger rights and issues", "illegal payment issues", "common law fiduciary duty issues" and "intellectual property issues". In its petition, WOA requested an award of attorney fees pursuant to the Texas Declaratory Judgment Act.

WOA filed a motion for partial summary judgment on the "site selection rights and issues", only. Whataburger responded to this motion for partial summary judgment and filed its own cross motion for partial summary judgment on the same "site selection rights and issues". Whataburger also filed a separate motion for partial summary judgment on all but one of the remainder of WOA's declaratory-judgment claims, those pertaining to the "entity merger rights issues", "common law fiduciary duty issues" and "intellectual property issues". WOA responded to this motion for partial summary judgment, arguing fact issues precluded summary judgment. Neither party moved for summary judgment on WOA's request for declaratory judgment on the "illegal payment issues".

The trial court held a hearing on all of the motions for partial summary judgment and thereafter issued an order granting WOA's motion for partial summary judgment on the "site selection rights and issues" and denying Whataburger's cross motion on the same issues. The trial court also denied Whataburger's motion for summary judgment on the "entity merger rights and issues", "common law fiduciary duty issues" and "intellectual property issues".

WOA filed a motion to sever the "site selection rights and issues" from the remaining requests for declaratory judgment. In this motion to sever, WOA requested "the attorneys' fees associated with the site selection rights and issues also be severed so that once severed, the reasonableness and necessity of attorneys' fees associated with the site selection rights and issues can be determined and a final judgment entered with respect to the site selection rights and issues and attorneys' fees associated therewith." In its prayer for relief, WOA requested "an order severing this Court's orders for Partial Summary Judgment, and the recovery of attorneys' fees associated therewith…."

Whataburger filed a response to WOA's motion to sever and motion to abate the remaining claims. In this response, Whataburger stated it did not oppose severance, and requested "this Court enter an order abating the proceedings in the remaining claims pending

resolution of the appeal of the November 9, 2015 Order in conjunction with granting WOA's Motion to Sever."

The trial court held a hearing on WOA's motion to sever and Whataburger's motion to abate. On January 26, 2016, the trial court issued an order in which it stated, "the Motion to Sever should, in all things, be granted, and the Motion to Abate should, in all things, be granted." In the same order, the trial court ordered the site selection issues be severed and the remaining requests for declaratory relief abated. On February 19, 2016, Whataburger filed a notice of appeal.

Except in instances not relevant here, we have jurisdiction only over final judgments. TEX. CIV. PRAC. & REM. CODE. ANN. § 51.012 (West 2015); *North E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex. 1966). A final judgment disposes of all parties and issues. *Aldridge,* 400 S.W.2d at 895.

There is no presumption in a summary judgment proceeding that the judgment was intended to dispose of all parties and issues. *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990). To be a final, appealable summary judgment, the order granting the motion must dispose of all parties and all issues before the court. *Mafrige v. Ross,* 866 S.W.2d 590, 591 (Tex. 1993). If a trial court leaves the issue of attorneys' fees to be determined in the future, any summary judgment is interlocutory. *See Hood v. Amarillo Nat'l Bank,* 815 S.W.2d 545, 547 (Tex. 1991) (attorneys' fees to be determined in future made summary judgment interlocutory); *State Farm Mut. Auto. Ins. Co. v. Leeds*, 981 S.W.2d 693 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (trial court's failure to address attorneys' fees rendered summary judgment interlocutory).

Here, although WOA did not request attorneys' fees in its motion for partial summary judgment, it did make this request in its petition for declaratory relief and did specifically request segregation and subsequent determination of attorneys' fees associated with the site selection issues in its motion to sever. The trial court granted WOA's motion to sever "in all things";

however, the order did not address the issue of attorneys' fees, and Whataburger filed a notice of appeal before a hearing was held to make the determination. Moreover, neither the summary-judgment or severance order contained a Mother Hubbard clause, WOA never nonsuited its attorneys' fees claims associated with the site selection issues, and the trial judge did not sever the fees issue.

Therefore, it appears the trial court's order granting WOA's motion for partial summary judgment was not final and was not rendered final by the subsequent order severing the site selection issues. *See New York Underwriters Ins. Co.,* 799 S.W.2d at 678; *State Farm Mutual Auto. Ins. Co.,* 981 S.W.2d at 693; *Franz v. Klein Indep. Sch. Dist.*, 01-97-01423-CV, 1999 WL 430053, at *2 (Tex. App.—Houston [1st Dist.] Apr. 1, 1999, no pet.) (mem. op.).

Because it appears the summary-judgment order appealed is interlocutory and unappealable, it is therefore ORDERED that appellant show cause in writing on or before December 5, 2016 why this appeal should not be abated pending determination of the attorneys' fees issue or dismissed for lack of jurisdiction. *See Franz*, 1999 WL 430053, at *2. Appellee shall have ten days from the date Appellants file their show cause brief to file a response.

Pending determination of this Court's jurisdiction over this appeal, the Oral Argument scheduled for December 6, 2016 is cancelled.

It is so **ORDERED** on November 22, 2016.

PER CURIAM

ATTESTED TO: _____
    Keith E. Hottle
    Clerk of Court

