

# COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

No. 08-24-00419-CV

Acquire Oilfield Solutions, LLC, Appellant

v.

Silica Services, LLC, Appellee

On Appeal from the 109th District Court
Andrews County, Texas
Trial Court No. 23,167

## MEMORANDUM OPINION

This is an appeal from the trial court's order granting a motion for traditional summary judgment filed by Appellee Silica Services, LLC against Appellant Acquire Oilfield Solutions, LLC. The trial court awarded Appellee costs and attorney's fees but left the amount to be later determined "by the filing of post-judgment motion by Plaintiff." Appellant attempted to appeal this order. Because the amount of attorney's fees awarded remains undetermined, we questioned

our jurisdiction and requested the parties to file letter briefs addressing the jurisdictional issue.[1] In response, Appellant filed a voluntary motion to dismiss the appeal. As the Court has not yet issued an opinion in this case, the motion to dismiss the appeal is granted. *See* Tex. R. App. P. 42.1(a)(1) (authorizing dismissal on the motion of an appellant). Costs of the appeal are taxed against Appellant. Tex. R. App. P. 42.1(d).

MARIA SALAS MENDOZA, Chief Justice

March 13, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[1] Generally, this Court has jurisdiction over final judgments that dispose of all parties and claims and over certain interlocutory orders permitted by statute. *See New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990) (per curiam) ("In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case . . . to be final and appealable."); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1)–(17) (listing appealable interlocutory orders). Because the amount of attorney's fees awarded to Appellee remains to be determined, the order is not appealable. *See Hood v. Amarillo Nat. Bank*, 815 S.W.2d 545, 547 (Tex. 1991) ("A summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance is ordered."); *Wright v. Liming*, 702 S.W.3d 666, 672 (Tex. App.—Houston [1st Dist.] 2024, no pet.) (citations omitted) ("A claim for attorney's fees necessarily implies the existence of a separate cause of action requiring disposition by the court.").