**CUDD PRESSURE CONTROL, INC., Appellant,**

v.

**SONAT EXPLORATION COMPANY, Appellee.**

No. 06–02–00007–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 19, 2002.

Decided April 19, 2002.

David M. Gunn, Hogan Dubose & Townsend, LLP, Houston, for appellant.

Sam F. Baxter, McKool Smith, PC, Marshall, for Sonat Exploration Co.

S.L. "Bud" Worthington, Coghlan, Crowson, et al., Longview, D. Mitchell McFarland, Liddell, Sapp, et al., Houston, for El Paso Production Co.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

 Cudd Pressure Control, Inc. has appealed from a judgment rendered against it in a jury trial. The clerk's record has been filed. Sonat Exploration Company has now filed a motion asking us to dismiss the appeal because it is not from a final judgment. This is a critical question, because if no final judgment exists, this Court has no jurisdiction over the appeal. TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997) (final judgment of district and county courts); *see N.E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). With only a few exceptions, an appeal is allowed only from final judgments of a district or county court. *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex. 1985). A final judgment is one that disposes of all parties and all issues in a lawsuit. *Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992).

The underlying facts show that seven persons were killed in a gas well blowout while in the process of completing that well. Sonat was the drilling company. The pleadings reflect that Sonat hired Cudd Pressure Control, Inc. to complete the well and that Cudd hired Brooks Well Servicing Company to provide some equipment for the procedure.

**The background of this appeal.**

A lawsuit was brought by the injured parties against Sonat and Cudd. Sonat then brought a cross-claim for contractual indemnity against Cudd and filed a separate lawsuit against Brooks seeking contractual indemnity. The trial court consolidated the two lawsuits under cause number 99–0199,[1] making Sonat's claim against Brooks in essence a third-party claim.

Upon request of the parties, the trial court then severed Sonat's contractual indemnity claims against Cudd and Brooks from the main lawsuit. The severed indemnity claims retained the same name as the main lawsuit, but the cause was numbered 99–0199–1.

**The specific situation that causes a jurisdictional question.**

When the severed indemnity claims were about to proceed to trial, Brooks filed a motion to continue the trial because its attorney was not available. Sonat stated that it did not oppose the motion, but requested that a separate trial be held on its claim against Cudd and that the trial proceed as scheduled. Sonat provided several reasons to support its request, pointing out that the indemnity claims were not based on common contractual grounds and that the positions of the defendants differed. Sonat argued that separate trials would actually make the case more easily understood and also that further delay could prejudice Sonat because of a possible exhaustion of the insurance proceeds. Finally, Sonat pointed out that TEX.R. CIV. P. 174(b) expressly authorizes separate trials of cross-claims and third-party claims.

The trial court granted the motion for separate trials, directing that the claims by

---

1. The case was styled as *Teresa Creel v. Sonat Exploration Company, Cudd Pressure Control, and Mark Johnson.* Although Johnson is listed as a defendant, he does not appear to be involved in the appeal.

Sonat against Cudd proceed as scheduled. Less than two weeks after the trial court ordered separate trials, and less than ten days before trial, Sonat filed its second and third amended petitions. Although the listed plaintiff remains Teresa Creel, the amended pleadings omit any reference to Brooks Well Servicing Company both in the caption listing the defendants and in the body of the petitions. The claims by Sonat against Brooks were not severed, but remain pending in the 71st Judicial District Court of Harrison County, Texas, and are set for jury trial on June 24, 2002.

**Cudd's response.**

Cudd does not take the explicit position that the judgment is final, but points out that because the finality is arguable, it could not risk losing its appeal should this Court eventually conclude that it was final.

**On the merits.**

■ As a general rule, the omission of a defendant from a plaintiff's amended petition has the effect of dismissing that defendant from the lawsuit.[2] We were recently required to address this issue in *Woodruff v. Wright*, 51 S.W.3d 727 (Tex. App.-Texarkana 2001, pet. denied). That case involved successive amended petitions by the plaintiffs that omitted, in turn, all of the plaintiffs. As we discussed in that opinion, the traditional view would have required dismissal of the lawsuit because the amended pleading supplanted the earlier pleadings. We distinguished *Woodruff*, however, based in part on the Texas Supreme Court's opinion in *Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829 (Tex.1994). That case involved what the Court concluded to be the inadvertent omission by the plaintiff of one out of 985 plaintiffs in an amended petition. The Court found that since the omission was inadvertent, and since it did not prejudicially affect the

opposing party, the later pleadings that re-added the missing plaintiff related back to the prior pleadings.

■ Under the traditional view of this situation as we discussed in *Woodruff*, the result of the omission of the defendant in the amended pleading is to drop that defendant from the lawsuit. In a typical situation, where there has been no order for separate trials and all the parties remain set for a single trial together, we believe that is the correct result. In this case, however, there is one differentiating factor that we find dispositive. The action against Brooks had been set for a separate trial. The trial against Cudd was to begin in less than two weeks, while the trial against Brooks had been postponed indefinitely. As in *Woodruff*, we can understand how, in this situation, and in an effort to focus for trial, "counsel might prepare a petition that provides that focus, without realizing the ramifications of his act." *Woodruff*, 51 S.W.3d at 733.

■ We hold that, in a case involving multiple parties, and after there has been an order for separate trials (as opposed to a severance) for some of those parties, a plaintiff does not automatically dismiss a previously named party (co-plaintiff or defendant) by filing pleadings pertaining to one separate trial that omit that party whose rights or liabilities are the subject of another separate trial in the same case.

We do not encourage such practices however, because they cause the confusion evident in this case, as in *Woodruff*, and cause reasonable doubt about the finality of judgments and the necessity of taking a premature appeal in order to protect the client. This is not a desirable result. It causes expense to the party that would not be necessary if the time of finality were certain as well as defeating the principle of judicial economy.

---

2. *See Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 104 (Tex.1962).

We conclude that, because a portion of this same case remains live in the trial court, the judgment against Cudd, although having the appearance of a final judgment, is not final. Our jurisdiction is therefore not invoked, and we must dismiss this appeal.

Cudd also contends that because the judgment is not final, no supersedeas bond need be filed. This appears to be a correct analysis of the applicable rules, which provide that a judgment debtor may supersede the judgment by filing a supersedeas bond. Tex.R.App. P. 24.1. Supersedeas bonds are designed to prevent execution on a judgment. In this case, because a portion of the case remains pending in the trial court, the judgment of the trial court is not final. Therefore, the prevailing party cannot commence execution. There is no provision for requiring a bond to secure a plaintiff during the pendency of a lawsuit, and there is therefore no authority for requiring a supersedeas bond in this situation. We order the surety discharged.

The appeal is dismissed.