**In re Edward B. ELMER, M.D.P.A.**

**No. 04–04–00795–CV.**

Court of Appeals of Texas,
San Antonio.

Jan. 26, 2005.

Jeff Small, Law Office of Jeff Small, F. Scott Radke, Radke & Radke, San Antonio, for appellant.

Tom Joseph, Tom Joseph, P.C., Neil H. Stone, Gendry & Sprague, P.C., San Antonio, for appellee.

Sitting: SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

This is an original mandamus proceeding. The relator, Edward B. Elmer, M.D.P.A., seeks mandamus relief from an order entered pursuant to Rule 621a of the Texas Rules of Civil Procedure compelling the professional association to answer interrogatories in aid of judgment. Tex.R. Civ P. 621a. Santa Fe Properties, Inc. ("Santa Fe"), the real party in interest, sought the interrogatories in aid of judgment after Santa Fe obtained a partial summary judgment against Elmer,

M.D.P.A. We hold that the trial court abused its discretion in compelling interrogatories in aid of judgment in the absence of a final judgment. Therefore, we conditionally grant the writ of mandamus.

### FACTUAL AND PROCEDURAL BACKGROUND

In the underlying lawsuit, Santa Fe sued Atascosa Medical Associates, L.L.P. ("Atascosa Medical"), Verdon J. Peters, D.P.M., and Edward B. Elmer, M.D. for breach of a commercial real estate lease. Later Santa Fe added Verdon J. Peters, D.P.M., P.A. and Edward B. Elmer, M.D. P.A. as partners in the limited liability partnership. Ultimately, Santa Fe obtained a severance and summary judgment against Atascosa Medical, finding that Atascosa Medical had breached the lease and awarding Santa Fe damages in an amount equal to the lease payments due for the entire period remaining on the lease.

Subsequently, on June 1, 2004, Sante Fe obtained a partial summary judgment against Elmer, M.D.P.A.[2] ("Elmer") holding the professional association liable as a partner in Atascosa Medical for the damages caused by breach of the lease. Thereafter, Santa Fe propounded "Interrogatories in Aid of Judgment" to Elmer. Elmer objected to the interrogatories as premature, arguing that Santa Fe did not have a final judgment to enforce. After a hearing on October 25, 2004, the trial court entered an order compelling Elmer to answer the interrogatories. Elmer now seeks a writ of mandamus directing the trial court to vacate its order compelling Elmer to answer the interrogatories sought in aid of judgment.

2. As part of the same judgment, the trial court found that Edward B. Elmer, M.D. was not personally liable for the judgment rendered against Atascosa Medical and severed Edward B. Elmer, in his individual capacity, from the lawsuit.

### ANALYSIS

In considering a petition for mandamus, we adhere to the standard set forth in *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992). Mandamus is an extraordinary remedy available only when the trial court has clearly abused its discretion and the party has no adequate remedy by appeal. *Id.* at 839–40. A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 840. Therefore, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Id.*

Elmer contends that Santa Fe is not entitled to discovery pursuant to Rule 621a because Santa Fe does not have a "final judgment" to enforce. In addition, Elmer argues that it is in an untenable position because it cannot protect itself. It cannot appeal or suspend the enforcement of the June 1, 2004, partial summary judgment rendered against it because it is just that—partial; it is interlocutory and unappealable.[3] Yet, Elmer is subject to sanctions by the trial court if it fails to disclose the requested information about its business practices and assets in response to the interrogatories. Santa Fe responds that the trial court's discovery order is a correct application of the law because Rule 621a contains no requirement that a judgment be final prior to commencing discovery, only that there has been a "rendition of judgment." *See* TEX.R. CIV. P. 621a. We do not find Santa Fe's argument persuasive.

3. The parties agree that summary judgment as to the professional association does not resolve the issue of attorney's fees.

We begin our analysis by examining the wording of the rule. Rule 621a provides in pertinent part,

At any time after rendition of judgment, and so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court ... the successful party may, for the purpose of obtaining information to aid in the enforcement of such judgment, initiate and maintain in the trial court in the same suit in which said judgment was rendered any discovery proceeding authorized by these rules for pre-trial matters.

TEX.R. CIV. P. 621a.

■ As noted by Santa Fe, the rule does not use the words "final judgment." The rule, however, contemplates that the judgment to be enforced has at least two characteristics. First, the judgment must be of the type that it can be enforced. In order to enforce a judgment, the judgment must be final. *See Hood v. Amarillo Nat. Bank*, 815 S.W.2d 545, 548 (Tex.1991) (writ of execution will not issue until final and appealable judgment is signed). If a portion of the case remains pending in the trial court, the judgment of the trial court is not final and the prevailing party cannot commence enforcement measures. *Id.* at 547.

■ Secondly, Rule 621a contemplates that the judgment at issue must be susceptible to being "suspended by a supersedeas bond." In order to suspend a judgment by a supersedeas bond, the judgment must also be final and appealable. *See Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 487 (Tex.App.-Houston [14th Dist.] 2004, pet. denied); *Cudd Pressure Control, Inc. v. Sonat Exploration Co.*, 74 S.W.3d 185, 189 (Tex.App.-Texarkana 2002, pet. denied). Accordingly, both characteristics inherent in the judgment referred to in Rule 621a necessarily require that the judgment be final.

Finally, there would be no need for Rule 621a unless drafters of the rule intended the judgment referenced in the rule to mean a "final judgment." The overall purpose of Rule 621a is to expressly make pretrial discovery rules available to aid in the enforcement of a judgment. TEX.R. CIV. P. 621a. Pretrial discovery rules already exist for cases prior to final judgment. *See* TEX.R. CIV. P. 190–215. Rule 621a further authorizes pretrial discovery proceedings to be maintained "in the same suit" in which the judgment was rendered. Again, the rules of civil procedure already allow discovery proceedings to be maintained in the same suit for cases prior to final judgment. *See* TEX.R. CIV. P. 191.4. Accordingly, these express authorizations found in Rule 621a would not have been necessary unless the Supreme Court's intent was that "rendition of judgment" necessarily meant the rendition of a "final judgment." Under any other interpretation, Rule 621a is superfluous.

■ We conclude that the trial court abused its discretion in compelling answers to interrogatories in aid of judgment in the absence of a final, appealable judgment. *See Walker*, 827 S.W.2d at 843. When a discovery order compels production beyond that permitted by the rules of procedure, there is no adequate remedy by appeal and mandamus is appropriate. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex.1995). Accordingly, we conditionally grant the writ of mandamus and direct the trial court to vacate its order signed on October 25, 2004, compelling Edward B. Elmer, M.D.P.A., to answer Santa Fe's interrogatories in aid of judgment. The writ will issue only if the trial court fails to vacate the order within ten days from the date of our opinion and order.