# EXHIBIT B

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
03/12/2015 4:41:59 PM
KEITH E. HOTTLE
Clerk



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00584-CV

## IN RE EL CABALLERO RANCH, INC.

Original Mandamus Proceeding[1]

Opinion by: Karen Angelini, Justice

Sitting: Karen Angelini, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: November 26, 2014

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On August 13, 2014, relator El Caballero Ranch, Inc. filed a petition for writ of mandamus complaining of the trial court's interlocutory order granting plaintiff, Grace River Ranch, L.L.C., the use of and ability to maintain a disputed easement before all of the defendants' claims and defenses regarding the easement have been adjudicated. We conclude the trial court abused its discretion in permitting immediate access to the disputed easement before the entry of a final judgment upon determination of all disputed claims. *See In re Elmer*, 158 S.W.3d 603, 605 (Tex. App.—San Antonio 2005, orig. proceeding) (*citing Hood v. Amarillo Nat'l Bank*, 815 S.W.2d 545, 548 (Tex. 1991)). Accordingly, we conditionally grant mandamus relief.

---

[1] This proceeding arises out of Cause No. 13-04-00108-CVL, styled *Grace River Ranch, L.L.C. v. El Caballero Ranch, Inc. a/k/a El Caballero, LLC and Laredo Marine, L.L.C. v. Robert W. Brittingham*, pending in the 218th Judicial District Court, La Salle County, Texas, the Honorable Stella Saxon presiding.

#374227

## BACKGROUND

Grace River Ranch, L.L.C. brought suit against El Caballero Ranch, Inc. in April 2013 seeking a declaration as to the existence and validity of alleged private and public easements across El Caballero's real property located in LaSalle County, and to enjoin interference with Grace River's use of those easements. In its answer, El Caballero denied the validity of the claimed easements asserting defenses of termination, failure of purpose, and abandonment.

Grace River filed a motion for traditional and no-evidence summary judgment in July 2013.[2] Grace River sought summary judgment that the claimed easements are valid; enjoining interference by El Caballero; and denying El Caballero's defenses of termination, impossibility, abandonment, and failure of purpose. El Caballero timely responded to the summary judgment motion. Days before the summary judgment motion was set to be heard, El Caballero filed an amended answer and counterclaim, asserting for the first time an affirmative defense based on adverse possession and limitations, and counterclaims for declaratory judgment and seeking to quiet title to the disputed property. On the same day, Laredo Marine, L.L.C., owner of the 7C's Ranch, another property affected by Grace River's claimed easements, filed a petition in intervention. Laredo Marine also denied the validity of the claimed leases on the basis of termination, abandonment, and impossibility; asserted affirmative defenses of termination, adverse possession, and limitations; and raised counterclaims for declaratory judgment and to quiet title.

The trial court conducted a hearing on Grace River's summary judgment motion in September 2013 and, following extensive briefing by the parties, issued an order granting the motion on July 7, 2014. Specifically, the trial court found:

---

[2] Grace River filed a supplement to the motion for summary judgment in August 2013 attaching affidavit and documentary evidence of government permits obtained from the General Land Office allowing repairs to a low water crossing located along the claimed easement.

> GRACE RIVER RANCH, LLC (Grace River) has a valid and subsisting non-exclusive easement across El Caballero Ranch for vehicular and pedestrian access to and egress from Grace River Ranch along that part of the Grace River Easement lying within El Caballero Ranch, with the right to use and maintain the road thereon and any culverts, low water crossings, or bridges lying along the Grace River Easement.

The court also found a valid and subsisting public road across El Caballero Ranch which "has not been abandoned or relinquished by La Salle County." The court did not grant any injunctive relief against El Caballero.

After the trial court granted Grace River's motion for partial summary judgment, Grace River's counsel requested keys and access codes for the gates located on El Caballero Ranch along the easement. When El Caballero refused, Grace River filed a motion for contempt. Both parties also sought clarification of the trial court's summary judgment order.

Following a hearing, the trial court entered its first amended order granting Grace River's summary judgment motion. In the amended order, signed August 4, 2014, the trial court granted Grace River's motion for partial summary judgment, stating:

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Order Granting Traditional and No-Evidence Motion for Summary Judgment of Grace River Ranch, LLC (this "Order") is intended to be Interlocutory in nature adjudicating only those claims made the subject of the Motion. This Order does not adjudicate claims filed by any Party hereto and made after the filing date of the Motion. Pending adjudication of these claims, GRACE RIVER shall have the use of and ability to maintain the Grace River Easement as specified above.

Handwritten below the judge's signature line is, "This order is effective August 14, 2014."

El Caballero filed this petition for writ of mandamus seeking to vacate the portion of the trial court's order permitting Grace River's immediate use of and ability to maintain the disputed easement before all parties' defenses to the claimed easements have been fully and finally determined on the merits.

## ANALYSIS

Mandamus is an extraordinary remedy available only when the trial court has clearly abused its discretion and the relator has no adequate remedy by appeal. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). A failure to correctly analyze or apply the law to the facts of the case will constitute an abuse of discretion correctable by mandamus. *Id.*

The issue in this mandamus proceeding is not the validity of the trial court's partial summary judgment in favor of Grace River. The issue for our determination is whether Grace River is entitled to immediate use of and ability to maintain the claimed easement on the basis of the partial summary judgment, before all of the claims and defenses regarding the easement have been fully litigated and adjudicated by the trial court and, possibly, on appeal. El Caballero contends that the trial court's order allowing immediate access to the easement denies its right to suspend enforcement of an adverse judgment as provided by the Texas Rules of Civil and Appellate Procedure. We agree.

Generally, a party has the right to suspend enforcement of a judgment pending appeal. *See* TEX. R. APP. P. 24.1; *see also In re S. Tex. Coll. Of Law*, 4 S.W.3d 219, 220 (Tex. 1999). "A summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance is ordered." *Hood*, 815 S.W.2d at 547. Appeal from an interlocutory partial summary judgment is available only after the interlocutory order has either been severed or merged into a final judgment disposing of the whole case. *Id.* The party's right to supersede a judgment and maintain the status quo while an adverse judgment is on appeal may be lost if the trial court allows enforcement of a partial summary judgment before all of the parties' claims have been adjudicated and a final judgment has been entered. *See In re Tarrant Cnty.*, 16 S.W.3d 914, 919 (Tex. App.—Fort Worth 2000, orig. proceeding).

- 4 -

The trial court made it clear that its amended order granting Grace River's motion for summary judgment was interlocutory, and additional claims remained to be determined. Accordingly, there is no final judgment subject to direct appeal and the procedural tools available for suspension of enforcement have not been triggered. *See Elmer*, 158 S.W.3d at 605. By allowing Grace River access to and the ability to maintain the claimed easement before an appealable judgment has been entered, the trial court has deprived El Caballero of the right to suspend enforcement of the partial summary judgment while obtaining appellate review of the trial court's determination regarding the validity of the claimed easements. We conclude the trial court abused its discretion by allowing Grace River the ability to use and maintain the claimed easement prior to the final determination of all of the parties' claims, and entry of a final and appealable judgment.

The easements at issue involve a low water crossing spanning a portion of the Nueces River which forms the dividing line between the El Caballero and 7 C's ranches. The low water crossing was allegedly washed out and became impassable some time in 1998. Grace River has represented that it intends to "repair and refurbish" the low water crossing once it obtains access to the easement. Grace River contends that it will be able to accomplish this project with limited personnel and equipment, creating minimal interference or intrusion upon El Caballero and Laredo Marine property. Both El Caballero and Laredo Marine are opposed to Grace River's plan and contend it will permanently change the nature and quality of their real property. We conclude that, given the nature of the trial court's order, El Caballero lacks an adequate remedy by appeal. *See In re Collins*, 172 S.W.3d 287, 298 (Tex. App.—Fort Worth 2005, orig. proceeding) (finding remedy by appeal from final judgment "wholly inadequate" where a party intends to develop real property after trial court abused its discretion in granting motion to void lis pendens); *see also Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 306 (Tex. 1994) (requirement for inadequate remedy by appeal is met where party is in danger of permanently losing substantial right).

## CONCLUSION

For the foregoing reasons, we conditionally grant mandamus relief and direct the trial court to vacate that portion of its August 2014 order granting Grace River the ability to use and maintain the claimed easements prior to entry of a final judgment. The writ will issue only if we are notified the trial court has failed to do as directed within fifteen days from the date of this court's order.

Karen Angelini, Justice