

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00048-CV

IN RE BARBARA ZAZULAK

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Relator, Barbara Zazulak, has filed a petition for a writ of mandamus asking this Court to direct Respondent, the Honorable Vincent Dulweber, presiding judge of the County Court at Law No. 2 of Gregg County, to do three things: (1) vacate his order granting the trustees' motion to stay proceedings pending appeal, (2) permit Relator post-judgment discovery under Rule 621a of the Texas Rules of Civil Procedure, and (3) set a hearing to establish an adequate supersedeas bond. To obtain the relief she seeks, Zazulak must have a final judgment. She does not. Because Zazulak failed to establish her right to mandamus relief, we deny the mandamus petition.

## I. Background

Charles Edward Long (Decedent) died on January 3, 2020. On August 24, 2020, the trial court admitted to probate Decedent's will dated October 28, 1976 (the Will). Relator filed her first amended petition and asserted two causes of action: (1) a will contest in which she asserted that the Will was invalid and (2) a declaratory judgment action in which she requested the trial court to declare (a) that the residuary clause of the admitted Will, i.e., Section IV of the Will, lapsed and (b) that the Decedent's residuary estate passed via intestacy to Relator. Later, Relator filed her first amended motion for summary judgment in which she sought a summary judgment that the residuary bequests under the Will, i.e., Section IV of the Will, lapsed and that Decedent's residuary estate passed by intestacy to Decedent's heirs-at-law. The Real Parties in

2

Interest[1] also filed a motion for partial summary judgment and asked for judgment against Relator on her declaratory judgment action.

On March 1, 2023, the trial court entered its order granting Relator's motion for summary judgment, denying the Real Parties in Interest's summary judgment, and "constru[ing] Section IV of [the Will] such that the entire residue of [Decedent]'s estate passe[d] *to his heirs-at-law, to be determined by* [*the trial court*]." (Emphasis added). On March 17, 2023, Real Parties in Interest appealed the trial court's summary judgment to this Court. On March 21, 2023, Relator sent its request for production of documents and interrogatories pursuant to Rule 621a to the Real Parties in Interest. On March 22, 2023, Relator filed her motion for reconsideration of the trial court's order on first motion to compel and requested that the trial court reconsider its prior orders on her first motion to compel and order the independent executor to produce certain documents Relator had requested earlier in the case.

Real Parties in Interest then filed their motion to stay pending appeal and requested the trial court to stay all proceeding pending its appeal of the March 1 Order. After a hearing, the trial court entered its order dated April 25, 2023, and stayed all proceedings in the case during the pendency of the appeal of the March 1 Order.

## II.    Mandamus Standard

"Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion . . . , and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254

---

[1]The Real Parties in Interest are Lawrence Allan Long, as Trustee of the H.L. Long Trust, the John Stephen Long Trust, the Charles Edward Long Trust, the Larry Thomas Long Trust, and the Lawrence Allan Long Trust, and Larry Thomas Long, as Trustee of the John Stephen Long Trust, the Charles Edward Long Trust, the Larry Thomas Long Trust, and the Lawrence Allan Long Trust.

3

S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)). It is a clear abuse of discretion if the trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Ct. of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). However, "[w]ith respect to resolution of factual issues or matters committed to the trial court's discretion, for example, the reviewing court may not substitute its judgment for that of the trial court." *Id.* (citing *Flores v. Fourth Ct. of Appeals*, 777 S.W.2d 38, 41–42 (Tex. 1989) (orig. proceeding)). It is the relator's burden to "establish that the trial court could reasonably have reached only one decision." *Id.* at 840 (citing *Johnson*, 700 S.W.2d at 917). "Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable." *Id.* (citing *Johnson*, 700 S.W.2d at 918).

Nevertheless, the "trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Id.* "Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.* (citing *Joachim v. Chambers*, 815 S.W.2d 234, 240 (Tex. 1991) (orig. proceeding)).

## III. Analysis

### A. Relator Has Not Shown that the Trial Court Had a Duty to Enforce the March 1 Order

In her petition, Relator first argues that mandamus must issue to vacate the trial court's stay order because the order prevents the enforcement of an unsuperseded judgment. She points out that the Texas Supreme Court has held that "[a] trial court has an affirmative duty to enforce its judgment." *In re Crow-Billingsley Air Park, Ltd.*, 98 S.W.3d 178, 179 (Tex. 2003) (orig. proceeding) (per curiam). The court went on to hold that "[a] party is entitled to mandamus relief to vacate an order that wrongly denies a prevailing party's attempt to enforce an unsuperseded judgment." *Id.*

However, *In re Crow-Billingsley Air Park, Ltd.*, involved a trial court's failure to enforce a *final* judgment, and the court issued a conditional writ of mandamus because "the trial court abused its discretion when it refused to hear the motion to enforce the unsuperseded *final* judgment." *Id.* at 180 (emphasis added).

Generally, a judgment is final when it "disposes of all parties and all claims." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). "Probate and guardianship proceedings present 'an exception to the "one final judgment" rule[.]'" *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (alteration in original) (per curiam) (quoting *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192)). "[I]n such cases, multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id.* at 925 (alteration in original) (quoting *De Ayala*, 193 S.W.3d at 578). In their response, Real Parties in Interest contend that the probate exception that recognizes that there may be multiple

5

orders rendered on discrete issues that are considered to be final for purposes of appeal does not mean that those same orders are final for all purposes so that a trial court is bound to enforce them if they are not superseded.

We need not address whether the trial court is bound to enforce the March 1 Order, however, because Relator has failed to show that the March 1 Order is final in any respect.

In *Crowson v. Wakeham*, the Supreme Court set out the test for finality in probate proceedings. *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). In that case, the court "explained that an order disposing of all issues and all parties 'in the phase of the proceeding for which it was brought' is final and appealable even when the proceeding remains pending as to other issues." *In re Guardianship of Jones*, 629 S.W.3d at 925 (quoting *Crowson*, 897 S.W.2d at 783). Under both *Lehmann* and *Crowson*, "an order that actually disposes of all issues and parties at the relevant stage of the proceedings is final." *Id.* (citing *Lehmann*, 39 S.W.3d at 205; *Crowson*, 897 S.W.2d at 783). However, in probate and guardianship proceedings, "if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *Crowson*, 897 S.W.2d at 783.

> As we explained in dismissing the appeal of the March 1 Order,
>
> [T]he relevant and discrete portion of the probate proceeding presented through [Relator]'s declaratory judgment action and motion for summary judgment was a determination of the effect of the failure of the residuary clause of the Will. In her declaratory judgment action, [Relator] sought both a declaration that the residuary clause of the Will lapsed and that the Decedent's residuary estate passed via intestacy to her. The March 1 Order determined that the residuary clause lapsed, but it did not determine that [Relator] was the Decedent's sole heir-at-law or that the residuary estate passed to her. Because the March 1 Order does not

6

> dispose of all parties and issues at this stage of the proceeding, it is not a final, appealable order. *See In re Guardianship of Jones*, 629 S.W.3d at 925.

*In re Est. of Long*, No. 06-23-00025-CR, 2023 WL 4100497, at *4 (Tex. App.—Texarkana June 21, 2023, no pet. h.) (mem. op.). Also, because the March 1 Order does not dispose of all parties and issues asserted in Relator's first amended petition, it is also not a final judgment under the one final judgment rule. *See Lehmann*, 39 S.W.3d at 200. Since the March 1 Order is not a final judgment, the trial court did not have an affirmative duty to enforce it. As a result, Relator has failed to show that the trial court abused its discretion when it entered the stay order.

**B.       Relator Failed to Show She Has a Right to Post-Judgment Discovery**

Relator also argues that mandamus must issue to vacate the trial court's stay order because the order denies her right to post-judgment discovery. She argues that Rule 621a of the Texas Rules of Civil Procedure gives her the right to post-judgment discovery to obtain information to aid enforcement of the judgment and to obtain information related to any supersedeas bond. TEX. R. CIV. P. 621a.

Rule 621a authorizes the use of pre-trial discovery proceedings after the rendition of the judgment for only two purposes:  (1) "'for the purpose of obtaining information to aid in the enforcement' of a judgment that has not been superseded" and (2) "'for the purpose of obtaining information relevant to' Rule 24 motions." *In re Longview Energy Co.*, 464 S.W.3d 353, 362 (Tex. 2015) (orig. proceeding) (quoting TEX. R. CIV. P. 621a). However, Rule 621a is only applicable to final judgments. *In re Elmer*, 158 S.W.3d 603, 605 (Tex. App.—San Antonio 2005, orig. proceeding).

7

Both of these purposes contemplate a final judgment. The first purpose contemplates a judgment that can be enforced, which requires the judgment to be final. *Id.* (citing *Hood v. Amarillo Nat'l Bank*, 815 S.W.2d 545, 548 (Tex. 1991) (per curiam)). If the judgment is interlocutory, "it is not final[,] and the prevailing party cannot commence enforcement measures." *Id.* (citing *Hood*, 815 S.W.2d at 547). The second purpose contemplates a judgment that may be suspended by supersedeas. *See* TEX. R. APP. P. 24 (providing methods to suspend a judgment by supersedeas). "In order to suspend a judgment by a supersedeas bond, the judgment must also be final and appealable." *In re Elmer*, 158 S.W.3d at 605 (citing *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 487 (Tex. App.—Houston [14th Dist.] 2004, pet. denied); *Cudd Pressure Control, Inc. v. Sonat Expl. Co.*, 74 S.W.3d 185, 189 (Tex. App.—Texarkana 2002, pet. denied)).

Because she has not shown that the March 1 Order is a final, appealable judgment, Relator has not established that she is entitled to post-judgment discovery under Rule 621a. As a result, Relator has failed to show that the trial court abused its discretion when it entered the stay order.

For the reasons stated, we deny the petition for a writ of mandamus.

Jeff Rambin
Justice

Date Submitted:     June 23, 2023
Date Decided:       June 26, 2023

8